171 S.W.3d 502 (2005)
In the Interest of K.G.M. and W.F.M., Children.
No. 10-04-00162-CV.
Court of Appeals of Texas, Waco.
July 27, 2005.
*503 Robert Daniel Freisner, Waxahahie, Damara H. Watkins, Corsicana, for appellant/relator.
James E. Lagomarsino, Navarro County Dist. Atty., Corsicana, Lana Shadwick, Texas Dept. of Pro. & Reg. Ser., Houston, for appellee/respondent.
Kelly R. Myers, Corsicana, for other.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

OPINION[1]
TOM GRAY, Chief Justice.
Appellant appeals the termination of the parent-child relationship between Appellant and two of her children, K.G.M. and W.F.M. In two issues, Appellant contends that the evidence that she knowingly placed or knowingly allowed the children to remain in conditions or surroundings, or engaged in conduct or knowingly placed the children with persons who engaged in conduct, that endangered their well-being, and that termination was in the children's best interest, was legally and factually insufficient. See TEX. FAM.CODE ANN. § 161.001 (Vernon 2002). Trial was before a jury, which made its findings by the concurrence of eleven members. Applying the standard of review for the legal sufficiency of the evidence established by the Texas Supreme Court in In the Interest of J.F.C., we have determined that the evidence is legally sufficient. See In re J.F.C., 96 S.W.3d 256 (Tex.2002). Likewise, applying the standard of review for the factual sufficiency of the evidence established by the Texas Supreme Court in In the Interest of C.H., we have determined that the evidence was factually sufficient. See In re C.H., 89 S.W.3d 17 (Tex.2002). We affirm.
I. K.G.M. In Appellant's first issue, she contends that the evidence was insufficient as to K.G.M. We will overrule Appellant's issue.
*504 I. A. ENDANGERMENT. Appellant argues that there was no evidence that she endangered K.G.M. Appellee, the Department of Family and Protective Services, points primarily to the following evidence. Appellant had used heroin, cocaine, methamphetamines, and marijuana from the age of twelve until the time of trial. Appellant had not been able to complete the drug rehabilitation programs in which she had participated, including the one she had been in immediately before her felony community supervision was last revoked. Appellant used drugs to the degree that Appellant was not able to care for K.G.M. At the time of trial, Appellant was in prison for burglary. She had previously served two years for robbery.
I. A. 1. Legal Sufficiency. We have viewed this evidence in the light most favorable to the jury's finding. Pursuant to J.F.C., we have assumed that the factfinder resolved disputed facts in favor of the finding if a reasonable factfinder could have so resolved the facts. Under this standard of review we have determined that the jury could reasonably have formed a firm belief or conviction that Appellant endangered K.G.M. See TEX. FAM.CODE ANN. § 101.007 (Vernon 2002), § 161.001(1)(D)-(E); J.F.C., 96 S.W.3d at 266.
I. A. 2. Factual Sufficiency. Pursuant to C.H. and J.F.C., we have not assumed that the factfinder resolved disputed facts in favor of the finding, but have given due consideration to evidence that the jury could reasonably have found to be clear and convincing. Under this standard of review we have determined that the jury could reasonably have formed a firm belief or conviction that Appellant endangered K.G.M. See TEX. FAM.CODE ANN. §§ 101.007, 161.001(1)(D)-(E); J.F.C., 96 S.W.3d at 266-67; C.H., 89 S.W.3d at 25.
I. B. BEST INTEREST. Appellant argues that there was no evidence that termination was in K.G. M.'s best interest, except that Appellant concedes that her "drug and criminal history mitigate in favor of termination," and that her "incarceration has led to instability." Appellee points, too, primarily to the following evidence. Appellant had contacted K.G.M. only seven times in the seventeen months before trial. Appellant had no relatives who were willing or able to take K.G.M.K.G.M. was adoptable.

I. B. 1. Legal Sufficiency.

We have viewed this evidence in the light most favorable to the jury's finding. Pursuant to J.F.C., we have assumed that the factfinder resolved disputed facts in favor of the finding if a reasonable factfinder could have so resolved the facts. Under this standard of review we have determined that the jury could reasonably have formed a firm belief or conviction that termination of the parent-child relationship between Appellant and K.G.M. was in K.G.M.'s best interest. See TEX. FAM.CODE ANN. §§ 101.007, 161.001(2); J.F.C., 96 S.W.3d at 266; Holley v. Adams, 544 S.W.2d 367, 371-73 (Tex.1976).
I. B. 2. Factual Sufficiency. Pursuant to C.H. and J.F.C., we have not assumed that the factfinder resolved disputed facts in favor of the finding, but have given due consideration to evidence that the jury could reasonably have found to be clear and convincing. Under this standard of review, we have determined that the jury could reasonably have formed a firm belief or conviction that termination of the parent-child relationship between Appellant and K.G.M. was in K.G. M.'s best interest. See TEX. FAM.CODE ANN. §§ 101.007, 161.001(2); J.F.C., 96 S.W.3d at 266-67; C.H., 89 S.W.3d at 25; Holley, 544 S.W.2d at 371-73.
*505 Accordingly, we overrule Appellant's first issue.
II. W.F.M. In Appellant's second issue, she contends that the evidence was insufficient as to W.F.M. We will overrule Appellant's issue.
II. A. ENDANGERMENT. Appellant argues that there was no evidence that she endangered W.F.M. Appellee, the Department of Family and Protective Services, points primarily to the following evidence. Appellant had used heroin, cocaine, methamphetamines, and marijuana from the age of twelve until the time of trial. Appellant knew that she should not use drugs while pregnant, but could not help it. Appellant used cocaine and marijuana while pregnant with W.F.M. and one of her other children, not the subject of the suit, so that W.F.M. had cocaine and marijuana in his body at birth. W.F.M. had medical problems, including breathing problems, as a result of Appellant's drug use during pregnancy. Appellant continued to smoke, although smoking was harmful to W.F.M.'s health.
II. A. 1. Legal Sufficiency. We have viewed this evidence in the light most favorable to the jury's finding. Pursuant to J.F.C., we have assumed that the factfinder resolved disputed facts in favor of the finding if a reasonable factfinder could have so resolved the facts. Under this standard of review we have determined that the jury could reasonably have formed a firm belief or conviction that Appellant endangered W.F.M. See TEX. FAM.CODE ANN. §§ 101.007, 161.001(1)(D)-(E); J.F.C., 96 S.W.3d at 266.
II. A. 2. Factual Sufficiency. Pursuant to C.H. and J.F.C., we have not assumed that the factfinder resolved disputed facts in favor of the finding, but have given due consideration to evidence that the jury could reasonably have found to be clear and convincing. Under this standard of review we have determined that the jury could reasonably have formed a firm belief or conviction that Appellant endangered W.F.M. See TEX. FAM.CODE ANN. §§ 101.007, 161.001(1)(D)-(E); J.F.C., 96 S.W.3d at 266-67; C.H., 89 S.W.3d at 25.
II. B. BEST INTEREST. Appellant argues that there was no evidence that termination was in W.F.M.'s best interest, except that Appellant concedes that her drug use during pregnancy "may be considered conduct which endangers the well-being of the child," that her "drug and criminal history mitigate in favor of termination," and that her "incarceration has led to instability." Appellee points, too, primarily to the following evidence. Appellant had contacted W.F.M. only seven times in the seventeen months before trial. Appellant had no relatives who were willing or able to take W.F.M. W.F.M. was adoptable.
II. B. 1. Legal Sufficiency. We have viewed this evidence in the light most favorable to the jury's finding. Pursuant to J.F.C., we have assumed that the factfinder resolved disputed facts in favor of the finding if a reasonable factfinder could have so resolved the facts. Under this standard of review we have determined that the jury could reasonably have formed a firm belief or conviction that termination of the parent-child relationship between Appellant and W.F.M. was in W.F. M.'s best interest. See TEX. FAM.CODE ANN. §§ 101.007, 161.001(2); J.F.C., 96 S.W.3d at 266; Holley, 544 S.W.2d at 371-73.
II. B. 2. Factual Sufficiency. Pursuant to C.H. and J.F.C., we have not assumed that the factfinder resolved disputed facts in favor of the finding, but have given due consideration to evidence that the jury could reasonably have found to be clear and convincing. Under this *506 standard of review, we have determined that the jury could reasonably have formed a firm belief or conviction that termination of the parent-child relationship between Appellant and W.F.M. was in W.F. M.'s best interest. See TEX. FAM.CODE ANN. §§ 101.007, 161.001(2); J.F.C., 96 S.W.3d at 266-67; C.H., 89 S.W.3d at 25; Holley, 544 S.W.2d at 371-73.
Accordingly, we overrule Appellant's second issue.
Having overruled Appellant's issues, we affirm the judgment.
Justice VANCE concurs.
BILL VANCE, Justice, concurring.
Termination-of-parental-rights cases are the "death penalty" cases of civil law. Termination is final and irrevocable, and lasts a lifetime. A parent is given one chance at overturning an adverse judgment on direct appeal. There is no post-termination collateral challenge available to a parent whose rights have been terminated after a short six-month statutory period, after which such judgments are final and unchallengeable. See TEX. FAM.CODE ANN. § 161.211 (Vernon 2002).
The natural right that exists between parents and their children is one of constitutional dimension. In re J.W.T., 872 S.W.2d 189, 194-95 (Tex.1994). A parent's right to "the companionship, care, custody and management" of his or her children is a constitutional interest "far more precious than any property right." Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982) (quoting Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972)). Therefore, in a case terminating parental rights, the proceedings should be strictly scrutinized and the involuntary termination statutes strictly construed in favor of the parent. Holick v. Smith, 685 S.W.2d 18, 20 (Tex.1985); cf. Ray v. Burns, 832 S.W.2d 431, 434 (Tex.App.-Waco 1992, no writ) (in reviewing sufficiency of the evidence, "close calls" go to the parent, citing Lewelling v. Lewelling, 796 S.W.2d 164, 168 (Tex.1990)). Termination is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by "clear and convincing evidence." Spangler v. Texas Dept. of Prot. & Reg. Servs., 962 S.W.2d 253, 256 (Tex.App.-Waco 1998, no pet.).
And yet, in the face of requirements of clear and convincing evidence and strict scrutiny on a matter of constitutional dimension, the opinion in this case consists of conclusory statements that the evidence is legally and factually sufficient to support the findings of grounds for termination and that termination is in the best interest of Appellant's two children. What this opinion does is give the appearance that we have not carefully reviewed the evidence. Even worse, it makes it appear that the Appellant's attorney, a competent appellate attorney who has appeared and argued before us on many occasions, has not filed a brief raising issues worthy of our careful consideration. In fact, her twenty-nine page brief and reply brief contain a detailed discussion of the evidence, or lack thereof, in support of the issues on appeal. The Department's reply brief consists of twenty-three pages of evidentiary discussion in support of the judgment. Yet, the best this opinion can muster is four sentences on the evidence about endangerment and three about best interest concerning K.G.M. and five sentences on the evidence about endangerment and the same three sentences about best interest concerning W.F.M. The recitations about the standards of review are much longer than the discussions of the evidence. This opinion, in my view, does not demonstrate *507 that this parent has been given a meaningful appeal of findings that she must live with for the rest of her life. We can and ought to do better.
If the United States Supreme Court means what it says about parental rights being of constitutional dimension and an interest "far more precious than any property right," the courts should accord parents whose rights are subject to court-ordered termination the same "quasi-criminal" protections provided to juveniles whose liberty interests are threatened by "civil" juvenile proceedings and provided in some contempt and other proceedings. See, e.g., In re M.A.F., 966 S.W.2d 448, 450 (Tex.1998) (recognizing that juvenile cases are quasi-criminal in nature); Holick v. Smith, 685 S.W.2d 18, 20 (Tex.1985) (the involuntary termination of parental rights implicates fundamental constitutional rights); In re L.D.T., 161 S.W.3d 728, 730 (Tex.App.-Beaumont 2005, no pet. h.) (comparing termination case to juvenile proceeding for Anders-brief purposes); In re J.H., 150 S.W.3d 477, 485 (Tex.App.-Austin 2004, pet. denied) (applying criminal harm analysis to juvenile proceeding because "quasi-criminal" in nature); In re Boyo, 143 S.W.3d 472, 476 (Tex.App.-Beaumont 2004, orig. proceeding) ("Contempt proceedings are quasi-criminal in nature, and the contemner is entitled to procedural due process throughout the proceedings."); In re A.J.G., 131 S.W.3d 687, 694 (Tex.App.-Corpus Christi 2004, pet. denied) (criminal rules of procedure are utilized by civil courts in juvenile proceedings because of their serious, quasi-criminal nature); In re Dooley, 129 S.W.3d 277, 278 (Tex.App.-Corpus Christi 2004, orig. proceeding) (contempt proceedings in Texas have been characterized as quasi-criminal proceedings which should conform as nearly as practicable to those in criminal cases); Striedel v. Striedel, 15 S.W.3d 163, 166 (Tex.App.-Corpus Christi 2000, no pet.) (a hearing for protective order in a divorce case involves liberty issues because a person's freedom of movement is restricteda quasi-criminal proceeding implicating due process); Ex parte McIntyre, 730 S.W.2d 411, 415 (Tex.App.-San Antonio 1987, orig. proceeding) (a contempt proceeding is unlike a civil suit, has some of the incidents of a trial for crime, and is quasi-criminal in nature; accordingly, proceedings in contempt cases should conform as nearly as practicable to those in criminal cases) (citing Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex.1967)).
I realize that the Texas Supreme Court has largely rejected this argument. See In re B.L.D. 113 S.W.3d 340 (Tex.2003). The rationale there was that because civil evidentiary and procedural rules apply to termination cases, they are unlike other "quasi-criminal" civil cases. That analysis seems contrary to statutory interpretations that have resulted in "quasi-criminal" designations because the statutes impose on fundamental constitutionally-protected interests. What is more fundamental than a parent's interest in continuing the parent-child relationship? Furthermore, one can justifiably question how, as the Texas Supreme Court found, the state's interest in its error-preservation rules could outweigh a parent's due-process rights under the Fourteenth Amendment (B.L.D., 113 S.W.3d at 354), particularly when termination proceedings have been characterized by the United States Supreme Court as "endeavoring to defend against the State's destruction of [] family bonds," "to resist the brand associated with a parental unfitness adjudication," and a parent, "like a defendant resisting criminal conviction, [] seeks to be spared from the State's devastatingly adverse action." M.L.B. v. S.L.J., 519 U.S. 102, 136, 117 S.Ct. 555, 574, 136 L.Ed.2d 473 (1996).
*508 Although I concur in the judgment affirming the trial court's judgment, I cannot join an opinion that does not provide to the litigants (particularly the parent whose rights have been irrevocably terminated), the higher courts, the bench and bar, and the public more of the facts and the analysis necessary to understand why the Appellant brought the issues or our reasons for rejecting them.
NOTES
[1] There is an apparent conflict in Texas Rule of Appellate Procedure 47.4. See TEX.R.App. P. 47.4. Because the author of the Concurring Opinion has opposed the designation of this memorandum opinion as a memorandum opinion, it must be designated as an opinion. "An opinion may not be designated a memorandum opinion if the author of a concurrence or dissent opposes that designation." Id. The same rule, however, limits what opinions can be designated non-memorandum opinions:

An opinion must be designated a memorandum opinion unless it does any of the following:
(a) establishes a new rule of law, alters or modifies an existing rule, or applies an existing rule to a novel fact situation likely to recur in future cases;
(b) involves issues of constitutional law or other legal issues important to the jurisprudence of Texas;
(c) criticizes existing law; or
(d) resolves an apparent conflict of authority.
Id. This Opinion does not do any of those things, and thus "must" be designated a memorandum opinion. Id. We have, nevertheless, designated it as an opinion because the sentence of the rule regarding the opposition by the author of a concurrence or dissent is more specific, and less subject to interpretation, than the latter portion of the rule. See id.