**In the Interest of R.C. and R.C.C., Jr., Minor Children.**

No. 07–06–0444–CV.

Court of Appeals of Texas, Amarillo.

April 25, 2007.

Terri M. Morgeson, for Appellant.

Duke Hooten, Texas Dept. of Family & Protective Services, Special Litigation, Austin, for Appellee.

Matthew Hawkins, Shackelford, Hawkins & Associates, P.C., Lubbock, for Real Party In Interest.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

## OPINION

PATRICK A. PIRTLE, Justice.

Chetra Fulcher brings this accelerated appeal of the trial court's order terminating her parental rights and appointing the Texas Department of Family and Protective Services ("DFPS") as permanent managing conservator. In three issues, Fulcher contends (1) the trial court erred when it determined the appeal was frivolous, (2) she was denied effective assistance of counsel, and (3) the evidence supporting the termination was not clear and convincing. For reasons that follow, we affirm.

The appeal of a final order rendered under Subchapter E of Chapter 263 of the Texas Family Code is governed by the rules of the Supreme Court for accelerated appeals in civil cases and by the procedures set forth in that chapter.[1] A final order terminating the relationship between a parent and child and appointing DFPS as permanent managing conservator is an order rendered under Subchapter E of Chapter 263. Therefore, the accelerated appeal of the order in this case is governed by the procedures set forth in Chapter 263.

■ Chapter 263 of the Texas Family Code requires a party intending to appeal a final order rendered under Subchapter E to file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal.[2] The statement of points may be filed separately or it may be combined with a motion for new trial.[3] The failure to timely file a statement of points does not deprive the appellate court of jurisdiction over the appeal; however, it

1. Tex. Fam.Code Ann. § 263.405(a)(Vernon Supp.2006).

2. § 263.405(b).

3. *Id.*

is necessary to preserve a point for review on appeal.[4]

■ In 2005, in response to what it perceived as judicial activism, the Texas Legislature enacted § 263.405(i), effective for appeals filed after September 1, 2005, which provides:

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

While several of our sister courts have questioned the practical application and constitutional validity of this statute,[5] particularly in the context of a claim raising the issue of ineffective assistance of court-appointed trial counsel, every appellate court called upon to address this question has agreed that the clear language of the statute prohibits appellate courts from considering points not properly preserved by the timely filing of a statement of points.[6] We recognize the application of this statutory limitation to the right of appeal can have harsh results. Parties seeking review of claims pertaining to the ineffective assistance of court-appointed trial counsel may find it particularly difficult to preserve those points. We recognize that in such situations a complaining party, unlike her criminal counterpart, has no recourse through a statutory writ of habeas corpus.[7] Nevertheless, we do not believe that it is an appropriate function of this Court to create a means of recourse by fabricating an interpretation that would expand the legislatively created procedures for perfection of a statutorily-created right of appeal. To do so would amount

---

**4.** *Coey v. Tex. Dep't. of Family and Protective Services,* No. 03–05–00679–CV, 2006 Tex.App. LEXIS 4325, 2006 WL 1358490 (Tex.App.-Austin May19, 2006, no pet.)(not designated for publication); *In re S.E.,* 203 S.W.3d 14, 15 (Tex.App.-San Antonio, no pet.)

**5.** *In re R.M.R.,* No. 13–06–0351–CV, 2007 Tex.App. LEXIS 2181, *3 (Tex.App.-Corpus Christi March 22, 2007, no pet.); *Pool v. Tex. Dep't. of Family & Protective Services,* 227 S.W.3d 212, 215 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *In re D.A.R.,* 201 S.W.3d 229, 231 (Tex.App.-Fort Worth 2006, no pet.); *In re E.A.R.,* 201 S.W.3d 813, 814 (Tex.App.-Waco 2006, no pet.)(Vance, J., concurring)

**6.** *In re J.W.H.,* No. 222 S.W.3d 661 (Tex.App.-Waco, 2007, no pet.); *In re J.F.R.,* No. 09–06–0115–CV, Tex.App. LEXIS 1727, 2007 WL 685640 (Tex.App.-Beaumont March 8, 2007, no pet.); *In re J.H.,* No. 12–06–0002–CV, 2007 Tex.App. LEXIS 407, 2007 WL 172105 (Tex.App.-Tyler January 24, 2007, no pet.)(not designated for publication); *In re K.R.,* No. 09–06–0056–CV, 2007 Tex.App. LEXIS 300, 2007 WL 117738 (Tex.App.-Beaumont Jan. 18,

2007, no pet.h.); *In re C.B.M.* No. 08–06–0136–CV, 2006 Tex.App. LEXIS 10716 (Tex.App.-El Paso Dec. 14, 2006, no pet.); *In re H.H.H.,* No. 06–06–0093–CV, 2006 WL 2820063 (Tex.App.-Texarkana October 4, 2006, no pet.)(not designated for publication); *Coey v. Tex. Dep't of Family & Protective Services,* No. 03–05–0679–CV, 2006 Tex.App. LEXIS 4325, 2006 WL 1358490 (Tex.App.-Austin May 19, 2006, no pet.)(not designated for publication); *In re S.E.,* 203 S.W.3d 14 (Tex.App.-San Antonio 2006, no pet.); *In re C.M.,* 208 S.W.3d 89 (Tex.App.-Houston [14th Dist.], 2006, no pet.); *see also In re R.M.R.,* 218 S.W.3d 863 (Tex.App.-Corpus Christi, 2007, no pet.); *Pool v. Tex. Dep't. of Family & Protective Services,* 227 S.W.3d 212, 216 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *In re D.A.R.,* 201 S.W.3d 229, 231 (Tex.App.-Fort Worth 2006, no pet.); *In re E.A.R., E.A.R., and I.D.A.,* 201 S.W.3d 813, 814 (Tex.App.-Waco 2006 no pet.)(Vance, J., concurring).

**7.** In so ruling, we express no opinion as to whether an aggrieved party would be entitled to common law relief through a *writ of habeas corpus* or a *writ of error coram nobis.*

to blatant legislating from the bench.[8]

The final order in this case was signed on October 6, 2006. Fulcher's trial counsel filed a motion for new trial, which purports to contain a combined statement of points, on November 6, 2006. Because Fulcher did not timely file her statement of points, she did not preserve those points for appeal. Accordingly, we cannot consider any of the issues Fulcher has raised, including the allegation that her counsel was ineffective by failing to timely file a statement of points on appeal raising ineffective assistance of counsel. We affirm the trial court's order.

QUINN, C.J., concurring

QUINN, C.J., concurring.

I concur with the majority's opinion and result but write separately to stress that Texas Family Code § 263.405(i) should be revisited by the legislature. It is beyond doubt that the parent/child relationship is of constitutional magnitude. *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *In re C.H.*, 89 S.W.3d 17, 26 (Tex.2002); *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex.1976). And, once termination occurs, it is final and irrevocable; the proceeding permanently divests the parent and child of all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit. *Wiley v. Spratlan*, 543 S.W.2d at 352. Thus, it is imperative to assure that due process be afforded both parent and child. That did not occur here since appellant was denied opportunity by her appointed counsel to appear at the hearing. This was so because trial counsel failed to request a bench warrant from the court compelling her appearance at trial. Moreover, there is little doubt counsel knew of her client's interest in attending given that

the trial was continued at one point so arrangements could be made to secure appellant's presence. Yet, given the wording of § 263.405(i) and appointed counsel's failure to designate her potential ineffectiveness as an issue on appeal, nothing can be done to cure the default.

It may well be that the parent/child relationship necessitates termination due to the conduct of a parent. Yet, parents are entitled to due process, as is the child. At the very heart of due process is the opportunity to be heard in defense of another's accusations. *See Masonic Grand Chapter of Order of Eastern Star v. Sweatt*, 329 S.W.2d 334, 337 (Tex.Civ.App.-Fort Worth 1959, writ ref'd n.r.e.). Moreover, indigents, such as appellant, are to be given appointed, effective counsel to foster their receipt of due process in general and the chance to be heard in particular. *See* TEX. FAM.CODE ANN. § 107.013(a)(1) (Vernon Supp.2006) (requiring the appointment of counsel to the indigent); *In re M.S.*, 115 S.W.3d 534, 544 (Tex.2003) (requiring that counsel be effective). When egregious wrong occurs, however, and we are barred from correcting it due to the application of a statute to situations which, most likely, no one intended, our legal system has failed in that instance. Such happened here. Consequently, I join with the Fort Worth Court of Appeals, the Houston Court of Appeals (1st District), the Dallas Court of Appeals and Justice Vance of the Waco Court of Appeals in asking the legislature to reconsider the scope of § 263.405(i). *See In re D.A.R.*, 201 S.W.3d 229, 230–31 (Tex.App.-Fort Worth 2006, no pet.); *Pool v. Tex. Dep't of Family & Protective Servs.*, 227 S.W.3d 212 (Tex.App.-Houston [1st Dist.] 2007, no pet. h.); *In re R.J.S. and M.S.*, 219 S.W.3d 623 (Tex.App.-Dallas, 2007, no pet. h.); *In re E.A.R.*, 201 S.W.3d 813, 816

---

8. *See Turner v. Cross*, 83 Tex. 218, 18 S.W. 578, 579 (1892).

(Tex.App.-Waco 2006, no pet.)  (Vance, J., concurring).