230 S.W.3d 263 (2007)
In the Interest of T.R.F., a Child.
Nos. 10-07-00086-CV, 10-07-00200-CV.
Court of Appeals of Texas, Waco.
June 27, 2007.
Christopher W. Peterson, Peterson & Swearingen LLC, College Station, Brad K. Cune, Bryan, for Appellant/Relator.
Linda F. Stutt, Asst. County & Dist. Atty. for Robertson County (Texas Dept of Family & Protective Services), Franklin, for Appellee/Respondent.
Jami G. Lowry, Franklin, for Ad Litem.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

OPINION
TOM GRAY, Chief Justice.
The parental rights of T.F. (mother) and H.R.F. (father) were terminated as to their child, T.R.F. Both T.F. and H.R.F. filed separate notices of appeal. Because T.F. did not timely file a statement of points as required by the Texas Family Code, the trial court's judgment as to her is affirmed.
The Department of Protective and Regulatory Services filed a petition for termination of the parental rights of T.F. and H.R.F. as to their child, T.R.F. On January 18, 2007, a jury determined that the parent-child relationship between the parents and the child should be terminated. The trial court signed the final order of termination on February 28, 2007. Within days of the jury's verdict, and over 30 days prior to the rendition of the final order, the trial court appointed different appellate counsel for T.F. and H.R.F. Both parents filed separate notices of appeal.
The Texas Family Code requires an appellant of a state-initiated termination order to file with the trial court, no later than 15 days after the final order is signed, a statement of points on which the appellant intends to appeal. TEX. FAM.CODE ANN. § 263.405(b) (Vernon Supp.2006). We, as the "appellate court[,] may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. . . ." Id. § 263.405(i); In the Interest of E.A.R., 201 S.W.3d 813 (Tex.App.-Waco 2006, no pet.). When the clerk's record was filed in this appeal, we noticed that there was no statement of points by T.F. contained within the clerk's record.
On May 3, 2007, the Clerk of this Court notified T.F. by letter of the absence of the statement of points and warned her that we may affirm the trial court's judgment as to her unless, within 21 days of the date *264 of the letter, a response was filed showing grounds for this Court to consider any issue that was not raised in a statement of points. On May 21, 2007, we received notice that T.F. was proffering to the trial court a statement of points.
On May 29, 2007, we received T.F.'s response to the Clerk's letter. In the response, T.F. states several factual reasons why we should not "dismiss" her appeal[1] for the late filing of the statement of points: 1) counsel was not present at the trial; 2) the appellate record was not received until after the deadline for the statement of points had passed; 3) trial counsel did not return repeated phone calls in advance of the various appellate deadlines; and 4) appellate counsel was not copied on any other party's post-judgment motions. T.F. contends she should not be penalized when the "factual circumstances make it practically impossible to meet the technical requirements" of the Texas Family Code.
T.F. also argues that her two issues on appeal are not a surprise to the trial court because they were the subject of a written motion in the trial court, the subject of oral motions, and the subject of H.R.F.'s statement of points. She adds, "To require a Statement of Points on Appeal about issues that were raised by written and oral motion and on which the trial court had multiple opportunities to decide, is simply absurd."
T.F. further argues that
Appellant's constitutionally-protected parental relationship was terminated. Then, through a series of circumstances, including a change in counsel, delays in receiving court transcripts etc  none of which are under Appellant's control  Appellant is unable to meet a statutorily required deadline that applies to no other cases other than CPS terminations. Then, based on that inability to meet the deadline, her appeal is dismissed despite the fact that the trial court was presented multiple times with each and every appellate issue addressed in her timely-filed appeal brief. Quite frankly, such a result would raise significant concern that Appellant's procedural due process rights would be violated and also raises the question about whether parents in Appellant's position are receiving equal protection.
In response to prior appellate court decisions which frustrated the Legislature's goal to speed up the post-judgment process in parental termination cases, the Texas Legislature enacted section 263.405(i), effective for appeals filed after September 1, 2005. See In the Interest of E.A.R, 201 S.W.3d 813, 815 n. 2 (Tex.App.-Waco 2006, no pet.) (Vance, J., concurring); see also In the Interest of R.C., No. 07-06-0444-CV, 2007 Tex.App. LEXIS 3208, 2007 WL 1219046, ___ S.W.3d ___ (Tex.App.-Amarillo April 25, 2007, no pet. h.). Several courts of appeals, including a majority of this Court, have questioned the practical application and constitutional validity of this statute. See In the Interest of M.N., No. 11-06-00228-CV, 2007 Tex.App. LEXIS 3564, *3 n. 1, 2007 WL 1366793, at *2 n. 1, 230 S.W.3d 248, 249 (Tex.App.-Eastland May 10, 2007, no pet. h.); In re R.M.R., 218 S.W.3d 863 (Tex.App.-Corpus Christi, 2007, no pet. h.); In the Interest of J.W.H., 222 S.W.3d 661, 662, n. 2 (Tex. App.-Waco, 2007, no pet. h.); Pool v. Tex. Dep't. of Family & Protective Services, 227 S.W.3d 212 (Tex.App.-Houston [1st Dist.], 2007, no pet.); In re D.A.R., 201 *265 S.W.3d 229, 231 (Tex.App.-Fort Worth 2006, no pet.). But there may be other avenues besides a direct appeal or even in conjunction with a direct appeal to protect the due process concerns expressed by these courts. See In the Interest of J.W.H., 222 S.W.3d at 663 (Gray, C.J., concurring) (discussing application of Texas Family Code section 161.211(a)); In the Interest of R.C., No. 07-06-0444-CV; 2007 Tex.App. LEXIS 3208, *4, 2007 WL 1219046, at *1, ___ S.W.3d ___, ___ (Tex. App.-Amarillo April 25, 2007, no pet. h.) (recognizing that a party has no recourse through a statutory writ of habeas but expressing no opinion as to whether a common law writ of habeas corpus or writ of error coram nobis would provide relief). And since its enactment, every appellate court called upon to address this question has agreed that the clear language of the statute prohibits us from considering issues not presented in a timely filed statement of points. See In the Interest of R.C., 2007 Tex.App. LEXIS 3208 at *3 n. 6, 2007 WL 1219046, at *1, ___ S.W.3d at ___; see also In the Interest of M.N., No. 11-06-00228-CV, 2007 Tex.App. LEXIS 3564, 2007 WL 1366793, ___ S.W.3d ___ (Tex.App.-Eastland May 10, 2007, no pet. h.).
Whether or not the requirements of section 263.405 are "simply absurd," we cannot carve out an exception to the statute for T.F. To do so would be legislating from the bench. In the Interest of R.C., 2007 Tex.App. LEXIS 3208 at *3, 2007 WL 1219046, at *1, ___ S.W.3d at ___. Under the express terms of the statute, we cannot consider T.F.'s issues on appeal because her statement of points was untimely filed. TEX. FAM.CODE ANN. § 263.405(i) (Vernon Supp.2006).
Therefore, T.F.'s issues are dismissed and the trial court's judgment as to T.F. is affirmed. See In the Interest of E.A.R, 201 S.W.3d 813, 814 (Tex.App.-Waco 2006, no pet.). T.F.'s appeal is severed from appellate case number 10-07-00086-CV and assigned to appellate case number 10-07-00200-CV.
Justice Vance concurring in Cause No. 10-07-00200-CV.
BILL VANCE, Justice, concurring.
I concur in the Court's disposition of this appeal. However, I continue to question whether subsection 263.405(i), as applied to termination cases involving an indigent parent whose appointed appellate counsel is not the same as appointed trial counsel, passes constitutional muster because it can operate to deprive appellate review of any issues under its accelerated timetable.[1]See In re E.A.R., 201 S.W.3d 813, 816-18 (Tex.App.-Waco 2006, no pet.) (Vance, J., concurring).
T.F.'s two issues in her untimely statement of points are: (1) the trial court abused its discretion by failing to dismiss this case when the dismissal date passed; and (2) the trial court abused its discretion in extending the dismissal date when no evidence existed supporting a finding of extraordinary circumstances. T.F., through her appointed appellate counsel, asserts that her statement of points was untimely in part because trial counsel did not return repeated phone calls in advance of the various appellate deadlines.
*266 This circumstance raises at least the possibility of an ineffective-assistance-of-counsel claim relating to the untimely statement of points, and at least one court has held that an ineffective-assistance-of-counsel claim need not be in a statement of points.[2]Doe v. Brazoria County Child Prot. Serv's., 226 S.W.3d 563, 575 (Tex. App.-Houston [1st Dist.], 2007, no pet. h.); but see In re J.F.R., 2007 WL 685640, at *2 (Tex.App.Beaumont Mar.8, 2007, no pet. h.) (mem.op.) (appellant must present ineffective-assistance claim in statement of points, either in a separate instrument or part of motion for new trial); In re J.H., 2007 WL 172105, *1 (Tex.App.Tyler, Jan.24, 2007, no pet.) (mem.op.) (same); In re A.H.L., III, 214 S.W.3d 45, 54 (Tex. App.El Paso, Oct. 26, 2006, pet. denied) (same); In re D.A.R., 201 S.W.3d 229, 230-31 (Tex.App.Fort Worth 2006, no pet.) (same).
Recognizing that our courts of appeals are following a strict interpretation of the statute, I reluctantly concur. Cf. Pool v. Texas Dep't Fam. & Prot. Serv's., 227 S.W.3d 212, 215, (Tex.App.-Houston [1st Dist.], 2007, no pet. h.) (impliedly recognizing existence of ineffective-assistance claim for trial counsel's failure to file timely statement of points).
NOTES
[1] As noted earlier, the Clerk warned T.F. that the judgment would be affirmed as to her, not that her appeal would be dismissed.
[1] I have also remarked that parental-rights termination cases are the "death-penalty" of civil law. In re K.G.M., 171 S.W.3d 502, 506 (Tex.App.-Waco 2005, no pet.) (Vance, J., concurring). The proceedings in these cases should be strictly scrutinized, and the involuntary termination statutes are strictly construed in favor of the parent. Id. (citing Holick v. Smith, 685 S.W.2d 18, 20 (Tex.1985)).
[2] Logically, an ineffective-assistance claim based on the untimeliness of the statement of points could not be required in a timely statement of points.