Opinion issued April 3, 2008









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00699-CV






LISA BERMEA, Appellant 


V. 


TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
Appellee






On Appeal from County Court at Law

Washington County, Texas

Trial Court Cause No. CCL4883






O P I N I O N


 After a bench trial, the trial court terminated the parent-child relationship
between appellant, Lisa Bermea, and her children, G.B., P.B., N.B., and V.R. Bermea
challenges the order terminating her parental rights. In six issues, Bermea argues that
(1) the evidence was legally and factually insufficient to show that she allowed the
children to remain in surroundings that endangered their physical or emotional well
being; (2) the evidence was legally and factually insufficient to show that she used
a controlled substance in a manner that endangered the health or safety of the
children; (3) her due process rights would be violated by this court's refusal to
consider her points of error; and (4) her counsel was ineffective by failing to file a
statement of points for appeal.

 We affirm.

Background

 Bermea is the mother of four children: G.B., age nine, P.B., age seven, N.B.,
age four, and V.R., age one. Bermea first came into contact with the Texas
Department of Family and Protective Services (DFPS), appellee, in July of 2005 after
DFPS received a report of Bermea's negligent supervision of her children. At this
initial contact, Bermea submitted to a drug screening that was positive for cocaine. 
The DFPS worker discussed with Bermea the effect that drug use could have on her
ability to properly supervise her children. The DFPS worker returned for a second
meeting in August 2005, when Bermea confessed that she was still using cocaine and
had been drunk and used cocaine the day before. Bermea's drug screening was again
positive for cocaine. At that time, Bermea voluntarily placed the children with a
friend she was living with at the time and signed a safety plan which stipulated that
she must have only supervised contact with the children, submit to random drug
testing, and follow all recommendations of DFPS.

 Over the following months, DFPS workers were mostly unsuccessful in
attempts to contact Bermea, but they were able to learn that she had moved out of the
home where her children were living and that she had not started the required drug
treatment program. A DFPS worker found that Bermea had violated the terms of the
safety plan she had signed in August 2005 by being alone with the children at a home
where Bermea had been known to use drugs. Because of this incident and Bermea's
failure to follow DFPS recommendations for treatment and other provisions of her
plan, DFPS made a finding of neglect and sought formal removal of the children.

 In March 2006, Bermea entered a drug rehabilitation program, then switched
to another program in April 2006, which she successfully completed, and Bermea also
completed parenting classes. Because of this progress, DFPS decided to let Bermea
maintain custody of the child with whom she was pregnant, V.R., and to work toward
reunification with her other children. The trial court held a hearing in June 2006 and
granted Bermea weekend visitation with her three oldest children at her mother's
home, as long as Bermea had clean drug screenings.

 After the first weekend visit, Bermea admitted in court that she would test
positive for cocaine. At that time, DFPS retained care of the three oldest children, but
left V.R. with Bermea because V.R.'s father agreed to supervise and care for the
child. In August 2006, Bermea came to the DFPS offices with V.R. alone and
admitted she would have a positive drug test. She claimed this was due to some diet
pills she was taking, but she would not provide DFPS workers with any information
concerning who prescribed the pills or what kind of pills they were. V.R. was
removed from Bermea's care at that time and placed in foster care with her siblings.

 Various DFPS personnel and other people who were familiar with Bermea's
case testified about Bermea's drug abuse, including multiple instances when she had
tested positive for cocaine, and the legal issues stemming from her drug abuse. 
Testimony showed that Bermea had a conviction for possession of a controlled
substance, and she had been arrested for driving while intoxicated in May 2007. The
arresting officer testified that Bermea showed signs of being under the influence of
a narcotic and that she had drug paraphernalia in her purse. Bermea ultimately pled
guilty to driving while intoxicated. At the time of the termination proceedings,
Bermea was in jail on a motion to revoke probation for an earlier possession charge. 
Bermea admitted she was also serving probation for a misdemeanor offense.

 DFPS workers testified that, over the course of her dealings with DFPS,
Bermea had failed to maintain steady housing, transportation, and employment. 
DFPS also testified that Bermea had very limited physical contact with the children
after they were removed from her care. The DFPS worker who worked with Bermea
when she decided to voluntarily place the children with a friend was asked whether
she could see any signs of abuse of the children, and she replied, "Not that I can
recall." She also testified that the children appeared to be the proper size and weight
for their ages, that they were clean and well kept, and that they did not complain of
being hungry or of being abused or neglected.

 Bermea testified regarding her criminal background and history of drug abuse. 
When asked what she intended to do when she got out of jail, Bermea testified:

I would like to straighten up, but[,] really, I'm going to be honest, I
don't know what. You know, with the feelings that I feel, I mean, I
can't say what would happen, but I do want to have a good life so that
way when they do decide to come back, when they get older, they can
say, you know, that I did something with my life.


She testified that she knew she was not stable or ready for the children to live with
her but that she would still like another chance to get clean. She also testified that her
contact with the children had been limited to ten-minute telephone calls with each of
her children. When asked if she would like to tell the trial court anything, she
testified:

Well, . . . I've never been a person of, you know--I don't know--just
putting other things before my children, but this drug that I got into[,]
it's just taken over. And, I mean, I try, but it's like when things go
wrong I lose hope. . . . My kids are important to me and it's just this
sickness I have[,] and it's hard to get over once you start.


She also testified that she had always taken care of her kids. She testified, "They
were always fed, always bathed, you know. They were never late to school. They
went to school every day and I always had their checkups, their shots, everything, you
know."

 At the conclusion of the bench proceeding, the trial court made oral findings
of fact that

[Bermea] knowingly allowed the children to remain in surroundings
which endangered the physical or emotional well being of the children,
and that she used a controlled substance in a manner that endangered the
health or safety of the children, and continued to use drugs after
completion of a court-ordered substance abuse treatment program, and
. . . failed to complete earlier ordered court-ordered substance abuse
programs, and that her parental rights should be terminated.


The trial court issued the written order of termination on July 27, 2007, and it
included the following findings regarding Bermea:

The Court finds by clear and convincing evidence that termination of the
parent-child relationship between [Bermea] and the children the subject
of this suit is in the children's best interest.


Further, the Court finds by clear and convincing evidence that [Bermea]
has: [1] engaged in conduct or knowingly placed the children with
persons who engaged in conduct which endangers the physical or
emotional well-being of the children; [and] [2] used a controlled
substance . . . in a manner that endangered the health or safety of the
children, and (1) failed to complete a court-ordered substance abuse
treatment program; or (2) after completion of a court-ordered substance
abuse treatment program continued to abuse a controlled substance.


Bermea filed a notice of appeal, but failed to file either a statement of the points she
intended to raise on appeal or a motion for new trial. This appeal followed.


Issues

 In six issues, Bermea argues that the evidence was legally and factually
insufficient to show that she allowed the children to remain in surroundings that
endangered their physical or emotional well being, and the evidence was legally and
factually insufficient to show that she used a controlled substance in a manner that
endangered the health or safety of the children. She also argues that her counsel was
ineffective because she failed to file a statement of points for appeal and that her due
process rights would be violated by this court's refusal to consider her points of error.

A. Legal and Factual Sufficiency

 Preliminarily, we must address DFPS's argument that Bermea did not preserve
any issues for appeal because she failed to file a statement of points. Section
263.405(b) of the Texas Family Code requires an appellant to file "a statement of the
point or points on which the party intends to appeal" not later than the fifteenth day
after the date a final termination order is signed. Tex. Fam. Code Ann. § 263.405(b)
(Vernon Supp. 2007). Furthermore, subsection (i) provides:

The appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of the points on
which the party intends to appeal or in a statement combined with a
motion for new trial. For purposes of this subsection, a claim that a
judicial decision is contrary to the evidence or that the evidence is
factually or legally insufficient is not sufficiently specific to preserve an
issue for appeal.

Id. § 263.405(i) (Vernon Supp. 2007). Under the express terms of the statute, we
cannot consider the issues related to the sufficiency of the evidence supporting the
trial court's termination decree. See Pool v. Tex. Dep't of Family & Protective Servs.,
227 S.W.3d 212, 215 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (construing
section 263.405(i) in context of legal and factual sufficiency challenge).

 Here, the record contains no statement of points on appeal or motion for new
trial. Therefore, we cannot consider Bermea's arguments of legal and factual
sufficiency. See id.

 We overrule Bermea's first, second, third, and fourth issues.

B. Ineffective Assistance of Counsel

 In her sixth issue, Bermea argues that she received ineffective assistance of
counsel because her counsel failed to file a statement of points for appeal. In her fifth
issue, Bermea argues that her due process rights would be violated by this court's
refusal to consider her issues on appeal. Specifically, she argues that "to refuse to
consider [her] factual and legal sufficiency challenges due to her failure to comply
with [section] 263.405, would result in a complete bar to her appeal and as such,
would deny her due process of law." DFPS responds that an ineffective assistance
of counsel claim may not be raised for the first time on appeal because that issue must
first be presented in the statement of points for appeal. We, therefore, consider
whether an ineffective assistance of counsel claim falls within the scope of section
263.405(i) of the Family Code and may not be considered on appeal unless preserved
in a timely filed statement of points for appeal.

 1. Right to Effective Assistance

 In In re M.S., the Texas Supreme Court resolved a split among the courts of
appeals and held that parents are entitled to effective assistance in termination
proceedings, and it adopted a two-pronged test for evaluating claims of ineffective
assistance of counsel based on Strickland v. Washington, 466 U.S. 668, 681, 104 S.
Ct. 2052, 2064 (1984). 115 S.W.3d 534, 544-45 (Tex. 2003); see also Tex. Fam.
Code Ann. § 107.013 (Vernon Supp. 2007) (according right to appointed counsel).

 Prior to the supreme court's decision in In re M.S., this Court had already held
that the statutory right to counsel in termination cases meant the right to effective
assistance of counsel. In re J.M.S., 43 S.W.3d 60, 63 (Tex. App.--Houston [1st
Dist.] 2001, no pet.); see also Tex. Fam. Code Ann. § 107.013. We observed that
this right was not only statutory but constitutional in that the United States Supreme
Court had unanimously held that "the interest of parents in their relationship with
their children is sufficiently fundamental to come within the finite class of liberty
interests protected by the Fourteenth Amendment." In re J.M.S., 43 S.W.3d at 63. 
We further observed that, because "[f]ew consequences of judicial action are so grave
as the severance of natural family ties," the Supreme Court had placed termination of
parental rights cases in the same category as criminal cases. Id. Like the United
States Supreme Court, we adopted the Strickland standard for determining the
effectiveness of counsel. Id. (citing Strickland, 466 U.S. at 687, 104 S. Ct. at 2064);
see also In re M.S., 115 S.W.3d at 544-45 (holding that Strickland standard of
ineffective assistance of counsel applies to parental termination cases). Recognizing
that Bermea has a constitutional and statutory right to effective assistance of counsel
in termination proceedings, we turn to whether she has the right to raise her
ineffective assistance complaint for the first time on appeal.

 2. Preservation of the Right to Appeal Ineffective Assistance

 In Doe v. Brazoria County Child Protective Services, we held that ineffective
assistance of counsel claims can be raised in termination cases for the first time on
appeal, despite an appellant's counsel's failure to file a statement of points or motion
for new trial. 226 S.W.3d 563, 576 (Tex. App.--Houston [1st Dist.] 2007, no pet.);
accord, In re K.K., 180 S.W.3d 681, 684 (Tex. App.--Waco 2005, no pet.); In re
T.R.F., 230 S.W.3d 263, 266 n.2 (Tex. App.--Waco 2007, pet. filed) (Vance, J.,
concurring). We based our holding on In re J.M.S. See Doe, 226 S.W.3d at 576.

 DFPS now asks that we reconsider our holding in Doe because (1) we reached
a seemingly opposite conclusion in Mikowski v. Texas Department of Family and
Protective Services, No. 01-07-00011-CV, 2007 WL 3038099 (Tex. App.--Houston
[1st Dist.] Oct. 18, 2007, no pet.) (mem. op.); (2) the authority on which Doe relied
is inapplicable because it dates from before the legislature's 2005 addition of section
263.405(i) to the Family Code, which precludes consideration on appeal of issues not
raised in the statement of points for appeal; and (3) other courts of appeals have
declined to follow the holding in Doe and have held that a claim of ineffective
assistance of counsel based on counsel's failure to file a statement of points for
appeal cannot be raised for the first time on appeal. We address each of DFPS's
assertions.

a. This Court's decision in Mikowski

 The Mikowski case involved the termination of parental rights of both a mother
and a father. In his brief filed with this Court, appellant Mikowski, the father, raised
the claim that his trial counsel had provided ineffective assistance during trial. See
Appellant's Brief at *28-30, Mikowski, 2007 WL 3038099. Because he had filed his
statement of points two days after the deadline, however, we declined to consider any
of Mikowski's appellate issues. Id. at *2. Mikowski did not brief or argue the
preservation of his ineffective assistance claim. We, therefore, did not reach his
ineffective assistance argument. Because we were not asked to consider whether
Mikowski's ineffective assistance claim could be raised for the first time on appeal,
we did not address that issue or overrule Doe in Mikowski. 

 Indeed, we implied in dicta in another case, decided, like Mikowski, in 2007,
that we could consider a challenge to the effectiveness of counsel raised for the first
time on appeal that was premised on counsel's failure to file a statement of points for
appeal in a parental rights termination case. See Pool, 227 S.W.3d at 216 (stating,
"[A]ppellant has not asserted that his trial counsel effectively abandoned him after the
trial court signed its judgment, nor has he made any argument that his trial counsel
provided ineffective assistance in not filing a statement of points or a new trial
motion[,]" and thus, "[a]ppellant's general assertions regarding the appointment of
his appellate counsel do not compel the conclusion that he was precluded from
exercising his right to appeal") (internal citations omitted). Doe, therefore, remains
binding precedent and is consistent with the previous decisions of this Court, and we
decline DFPS's invitation to overrule it.

b. Authority of Doe after enactment of Family Code subsection 263.405(i)

 DFPS is correct that In re J.M.S., the authority we cited in Doe, dates from
before the legislature's passage, in 2005, of section 263.405(i) of the Family Code,
which limits an appellate court's ability to consider any issues that were not
specifically presented to the trial court in a statement of points for appeal. See Tex.
Fam. Code Ann. § 263.405(i) (Vernon Supp. 2007); see also In re J.M.S., 43 S.W.3d
at 63; see also In re E.A.R., 201 S.W.3d 813, 814-16 (Tex. App.--Waco 2006, no
pet.) (Vance, J., concurring) (detailing history of Texas Family Code section 109.002,
granting right to appeal in family law cases, and related statutes). However, we
consider the fact that section 263.405(i) was enacted after In re J.M.S. to be
immaterial. The question is not when section 263.405(i) was enacted, but whether
ineffective assistance claims fall within its scope. We hold that they do not.

 Section 263.405(i) requires the timely filing of a "statement of points on which
the party intends to appeal" in order for an appellant's issues to be considered by the
appellate court. See Tex. Fam. Code Ann. § 263.405(i). In Doe, as here, however,
the claim of ineffective assistance of counsel consists of the failure to file a statement
of points for appeal and, therefore, did not arise until after the trial court's authority
over the case had terminated. Thus, subsection (i) could not apply to the situation in
Doe. Indeed, it is not logical to claim that an ineffective assistance claim based on
failure to file a statement of points must be included in a statement of points in order
to be preserved for appellate review. See In re T.R.F., 230 S.W.3d at 266 n.2 (Vance,
J., concurring) ("Logically, an ineffective-assistance claim based on the untimeliness
of the statement of points could not be required in a timely statement of points.").

 In addition, we observe that prohibiting appeal of an ineffective assistance
claim that consists of the failure of counsel to preserve the right to appeal ineffective
assistance would partially abrogate the right to effective counsel established by
section 107.013 because a parent could never protest such ineffectiveness. (1) See In
re M.S., 115 S.W.3d at 544-45 (recognizing statutory right to effective counsel); In
re J.M.S., 43 S.W.3d at 63 (same); Tex. Fam. Code Ann. § 107.013. The right to
effective assistance of counsel in termination cases is not only a statutory right but
also a constitutional right guaranteed by the due process clause of the Fourteenth
Amendment. See M.L.B. v. S.L.J., 519 U.S. 102, 103, 117 S. Ct. 555, 557 (1996); In
re J.M.S., 43 S.W.3d at 63. A citizen may not be deprived of due process of law. 
U.S. Const. amend. XIV, § 1. Rather, a citizen may be deprived of a constitutional
right only by his own knowing waiver of that right. In re Prudential Ins. Co., 148
S.W.3d 124, 132 (Tex. 2004) (quoting Brady v. U.S., 397 U.S. 742, 748, 90 S. Ct.
1463, 1469 (1970) ("Waivers of constitutional rights not only must be voluntary but
must be knowing, intelligent acts done with sufficient awareness of the relevant
circumstances and likely consequences.")). We decline to hold that an appellant may
waive the constitutional right to effective assistance unintentionally and through the
very ineffective act of counsel of which she complains.

 Moreover, if we were to hold that an appellant cannot bring a claim on appeal
for ineffective assistance of counsel based on her counsel's failure to file a statement
of points for appeal the result would be that an appellant would lose the entire right
to appeal provided for in the Family Code when ineffective counsel failed to file a
statement of points for appeal. See Tex. Fam. Code Ann. § 109.002 (Vernon 2002),
§ 263.405 (Vernon Supp. 2007). Under the rules of statutory interpretation, when the
legislature enacts a statute, it is presumed that the entire statute is intended to be
effective and that a just and reasonable result is intended. Tex. Gov't Code Ann.
§ 311.021(2), (3) (Vernon 2005). Moreover, amendments to a statute are to be
harmonized, if possible, so that effect may be given to each. Id. § 311.025(b)
(Vernon 2005).

 Neither the Family Code nor the legislative history of the 2005 amendment to
section 263.405 indicates that in requiring a statement of points for appeal the
legislature intended to abrogate the entire right to appeal provided by that section if
ineffective counsel failed to preserve that right by complying with the statutory
requirements. Rather, the legislature's stated intent in adding section 263.405(i) was
to reduce post judgment delays and, therefore, to decrease the amount of time that
abused or neglected children had to spend in foster care. See House Comm. on
Juvenile Justice and Family Issues, Bill Analysis, Tex. H.B. 409, 79th Leg.,
R.S. 2005 ("If a mistake is pointed out to the trial court that warrants a new trial, the
trial court can immediately order a new trial, and the Legislature's goal to decrease
post-judgment delays is accomplished."). The interpretation of section 263.405(i) as
precluding the right to appeal ineffective assistance claims not set out in a timely filed
statement of points for appeal cannot be traced back to legislative intent, violates the
rules of statutory construction, deprives a parent of statutory and constitutional rights,
and is unjust. We decline to interpret section 263.405(i) in a manner that has such
effects.

c. Split in the Courts of Appeals

 DFPS is correct that the courts of appeals have split on the issue of whether an
appellate court may consider a complaint that trial counsel was ineffective by failing
to file a statement of points for appeal. (2) We respectfully disagree with those courts
which have held that an ineffective assistance claim in a termination of parental rights
suit must be preserved in a statement of points or is waived. As discussed above, we
cannot interpret subsection 263.405(i) either as intended to eliminate the entire right
of appeal as provided for in the Family Code when counsel has been ineffective in
failing to file a statement of points for appeal or as intended to abrogate the statutory
and constitutional right to effective counsel in whole or in part. See Tex. Fam. Code
Ann. §§ 107.013, 109.002.

 We also note that neither the rules of statutory construction nor the legislative
history behind section 263.405(i) supports an interpretation that disallows the appeal
of trial counsel's ineffective failure to file a statement of points for appeal. First, as
argued above, the interpretation of section 263.405(i) offered by DFPS is inconsistent
both with the exercise of the constitutional and statutory right to effective assistance
of counsel and with the exercise of the right to appeal provided in the Family Code,
and it is neither just nor reasonable. Nor is such an interpretation required to fulfill
the purpose of section 263.405(i). See House Comm. On Juvenile Justice and
Family issues, Bill Analysis, Tex. H.B. 409, 79th Leg., R.S. 2005. Rather, our
interpretation of section 263.405(i) as not precluding a parent from raising ineffective
assistance for the first time on appeal is compatible with the legislative goal of
preventing delay in the final resolution of termination of parental rights cases.

 The constitutional standard for determining the effectiveness of counsel
established in Strickland and adopted for parental rights termination cases by this
Court in In re J.M.S. and by the Texas Supreme Court in In re M.S. establishes a high
hurdle for a parent hoping to reverse termination. The parent must establish that
"counsel's conduct so undermined the proper functioning of the adversarial process
that the trial cannot be relied on as having produced a just result." In re J.M.S., 43
S.W.3d at 63 (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). Thus, the test
of ineffective assistance in a parental termination case countenances additional delay
in the final resolution of the case only in those rare instances in which the deprivation
of parental rights caused by the ineffective assistance was of constitutional
magnitude. Unless that standard is met, there is no delay beyond that of any other
accelerated appeal. (3) Therefore, the purpose of the legislature in enacting section
263.405(i)--to prevent delay in the final resolution of termination of parental rights
cases--is not thwarted by our holding that a claim of ineffective assistance of counsel
in failing to file a statement of points need not be preserved in a statement of points. 
Nor can we find any other justification for holding otherwise.

 We hold that a person whose parental rights have been terminated may raise
for the first time on appeal a claim of ineffective assistance for counsel's failure to
file a statement of points for appeal. See Doe, 226 S.W.3d at 576. We turn, therefore,
to the merits of Bermea's ineffective assistance claim.

 3. Merits of Bermea's Ineffective Assistance of Counsel Claim

 To successfully assert an ineffective assistance of counsel claim, a defendant
in a parental termination case must show that her counsel's performance was deficient
and that this deficiency prejudiced the defense. Id. at 571; see also In re M.S., 115
S.W.3d at 544-45 (holding that two prong test from Strickland also applies in context
of civil parental-rights termination proceedings) (citing Strickland, 466 U.S. at
687-92, 104 S. Ct. at 2063-67). This standard requires a showing that counsel's
errors were so serious as to deprive the defendant of a fair trial whose result is
reliable. Doe, 226 S.W.3d at 572 (citing Strickland, 466 U.S. at 687, 104 S. Ct. at
2064). If we conclude that an appellant's counsel's conduct was deficient, we must
then determine if that conduct was prejudicial to the appellant by assessing whether
there is a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different. Id. (citing In re M.S., 115 S.W.3d
at 550 (citing Strickland, 466 U.S. at 694, 104 S. Ct. at 2068)). Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Id.

 Here, Bermea's counsel's failure to file a statement of points deprived Bermea
of appealing the legal and factual sufficiency of the evidence to support the trial
court's order terminating her parental rights. This constitutes deficient conduct that
satisfies the first prong of the Strickland test. See Doe, 226 S.W.3d at 576.

 Next, we must determine whether Bermea's counsel's deficient conduct caused
her harm. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; In re M.S., 115 S.W.3d at
549-50. In reviewing the record to determine harm, we proceed as if the sufficiency
challenges had been preserved, under our established standards in parental-rights
termination cases, understanding that the evidentiary burden in such cases is "clear
and convincing" evidence. Doe, 226 S.W.3d at 573 (citing In re M.S., 115 S.W.3d
at 550).

 Section 161.001 of the Texas Family Code authorizes involuntary termination
of a parent-child relationship if the court finds by clear and convincing evidence that
the parent has committed at least one of the acts or omissions listed in subsection (1)
and that termination is in the best interest of the child. Tex. Fam. Code Ann.
§ 161.001 (Vernon Supp. 2007). A trial judge only needs to make one finding of
parental misconduct under section 161.001(1) of the Family Code. In re A.V., 113
S.W.3d 355, 362 (Tex. 2003).

 Here, Bermea challenges the trial court's findings that she allowed the children
to remain in surroundings that endangered their physical or emotional well being and
that she used a controlled substance in a manner that endangered the health or safety
of the children. However, Bermea does not challenge the trial court's findings that
she engaged in conduct or knowingly placed her children with persons who engaged
in conduct which endangered the physical or emotional well-being of the children
pursuant to section 161.001(1)(E), nor does she challenge the trial court's finding that
termination of her parental rights was in the children's best interest. The trial court's
finding under section 161.001(1)(E), together with its finding that termination was
in the children's best interest, are sufficient to support the termination, and we do not
need to address the trial court's other findings under section 161.001(1). See In re
A.V., 113 S.W.3d at 362.

 Because Bermea could not have prevailed on her legal and factual sufficiency
arguments, we cannot say that the result of the proceeding would have been any
different if she had had effective counsel. Therefore, Bermea did not suffer any harm
from her counsel's deficient conduct. See Strickland, 466 U.S. at 694, 104 S. Ct. at
2068; In re M.S., 115 S.W.3d at 549-50.

 We overrule Bermea's fifth and sixth issues.

Conclusion

 We affirm the order of the trial court.







 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.
1. We note that direct appeal is the only recourse for a parent whose parental rights have
been terminated due to ineffective assistance of counsel. See In re D.A.R., 201
S.W.3d 229, 230-31 (Tex. App.--Fort Worth 2006, no pet.) ("[U]nlike their
counterparts in criminal cases, for whom the legislature has specifically provided an
avenue of adequate relief through a writ of habeas corpus if trial counsel was
ineffective but did not preserve the issue for appeal, parents in these cases who allege
ineffective assistance of counsel apparently have no recourse other than direct appeal
by which to overturn the trial court's judgment severing forever the ties with their
children.").
2. Several courts of appeals have held the opposite--that an ineffective assistance of
counsel claim, even one based on failure to file a timely statement of points, must be
preserved in a statement of points. E.g., In re R.M.R., 218 S.W.3d 863, 864 (Tex.
App.--Corpus Christi 2007, no pet.); In re R.C., 243 S.W.3d 674, 676-77 (Tex.
App.--Amarillo 2007, no pet.); In re R.M., No. 04-07-00048-CV, 2007 WL 1988149,
at *1 (Tex. App.--San Antonio July 11, 2007, pet. denied).
3. The appeal of termination of parental rights cases is accelerated. Tex. Fam. Code
Ann. § 109.002(a) (Vernon 2002), § 263.405(a) (Vernon Supp. 2007).