Lisa BERMEA, Appellant,

v.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee.

No. 01–07–00699–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 3, 2008.

Mary B. Hennessy, Law Office of Mary Hennessy, Brenham, TX, for Appellant.

Trevor Woodruff, Office of General Counsel, Texas Department of Family and Protective Services, Austin, TX, Julie Renken, Washington County Attorney, Brenham, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and ALCALA.

## OPINION

EVELYN V. KEYES, Justice.

After a bench trial, the trial court terminated the parent-child relationship between appellant, Lisa Bermea, and her children, G.B., P.B., N.B., and V.R. Bermea challenges the order terminating her parental rights. In six issues, Bermea argues that (1) the evidence was legally and factually insufficient to show that she allowed the children to remain in surroundings that endangered their physical or emotional well being; (2) the evidence was legally and factually insufficient to show that she used a controlled substance in a manner that endangered the health or safety of the children; (3) her due process rights would be violated by this court's refusal to consider her points of error; and (4) her counsel was ineffective by failing to file a statement of points for appeal.

We affirm.

## Background

Bermea is the mother of four children: G.B., age nine, P.B., age seven, N.B., age four, and V.R., age one. Bermea first came into contact with the Texas Department of Family and Protective Services (DFPS), appellee, in July of 2005 after DFPS received a report of Bermea's negligent supervision of her children. At this initial contact, Bermea submitted to a drug screening that was positive for cocaine. The DFPS worker discussed with Bermea the effect that drug use could have on her ability to properly supervise her children. The DFPS worker returned for a second meeting in August 2005, when Bermea confessed that she was still using cocaine and had been drunk and used cocaine the day before. Bermea's drug screening was again positive for cocaine. At that time, Bermea voluntarily placed the children with a friend she was living with at the time and signed a safety plan which stipulated that she must have only supervised contact with the children, submit to random drug testing, and follow all recommendations of DFPS.

Over the following months, DFPS workers were mostly unsuccessful in attempts to contact Bermea, but they were able to learn that she had moved out of the home where her children were living and that she had not started the required drug treatment program. A DFPS worker found that Bermea had violated the terms of the safety plan she had signed in August 2005 by being alone with the children at a home where Bermea had been known to use drugs. Because of this incident and Bermea's failure to follow DFPS recommendations for treatment and other provisions of her plan, DFPS made a finding of neglect and sought formal removal of the children.

In March 2006, Bermea entered a drug rehabilitation program, then switched to another program in April 2006, which she successfully completed, and Bermea also completed parenting classes. Because of this progress, DFPS decided to let Bermea maintain custody of the child with whom she was pregnant, V.R., and to work toward reunification with her other children. The trial court held a hearing in June 2006 and granted Bermea weekend visitation with her three oldest children at her mother's home, as long as Bermea had clean drug screenings.

After the first weekend visit, Bermea admitted in court that she would test positive for cocaine. At that time, DFPS retained care of the three oldest children, but left V.R. with Bermea because V.R.'s father agreed to supervise and care for the child. In August 2006, Bermea came to the DFPS offices with V.R. alone and admitted she would have a positive drug test. She claimed this was due to some diet pills she was taking, but she would not provide DFPS workers with any information concerning who prescribed the pills or what kind of pills they were. V.R. was removed from Bermea's care at that time and placed in foster care with her siblings.

Various DFPS personnel and other people who were familiar with Bermea's case testified about Bermea's drug abuse, including multiple instances when she had tested positive for cocaine, and the legal issues stemming from her drug abuse. Testimony showed that Bermea had a conviction for possession of a controlled substance, and she had been arrested for driving while intoxicated in May 2007. The arresting officer testified that Bermea showed signs of being under the influence of a narcotic and that she had drug paraphernalia in her purse. Bermea ultimately pled guilty to driving while intoxicated. At the time of the termination proceedings, Bermea was in jail on a motion to revoke probation for an earlier possession charge. Bermea admitted she was also serving probation for a misdemeanor offense.

DFPS workers testified that, over the course of her dealings with DFPS, Bermea had failed to maintain steady housing, transportation, and employment. DFPS also testified that Bermea had very limited physical contact with the children after they were removed from her care. The DFPS worker who worked with Bermea when she decided to voluntarily place the children with a friend was asked whether she could see any signs of abuse of the children, and she replied, "Not that I can recall." She also testified that the children appeared to be the proper size and weight for their ages, that they were clean and well kept, and that they did not complain of being hungry or of being abused or neglected.

Bermea testified regarding her criminal background and history of drug abuse. When asked what she intended to do when she got out of jail, Bermea testified:

I would like to straighten up, but[,] really, I'm going to be honest, I don't know what. You know, with the feelings that I feel, I mean, I can't say what would happen, but I do want to have a good life so that way when they do decide to come back, when they get older, they can say, you know, that I did something with my life.

She testified that she knew she was not stable or ready for the children to live with her but that she would still like another chance to get clean. She also testified that her contact with the children had been limited to ten-minute telephone calls with each of her children. When asked if she would like to tell the trial court anything, she testified:

Well, ... I've never been a person of, you know—I don't know—just putting other things before my children, but this drug that I got into[,] it's just taken over. And, I mean, I try, but it's like when things go wrong I lose hope.... My kids are important to me and it's just this sickness I have[,] and it's hard to get over once you start.

She also testified that she had always taken care of her kids. She testified, "They were always fed, always bathed, you know. They were never late to school. They went to school every day and I always had their checkups, their shots, everything, you know."

At the conclusion of the bench proceeding, the trial court made oral findings of fact that

[Bermea] knowingly allowed the children to remain in surroundings which endangered the physical or emotional well being of the children, and that she used a controlled substance in a manner that endangered the health or safety of the children, and continued to use drugs after completion of a court-ordered substance abuse treatment program, and

... failed to complete earlier ordered court-ordered substance abuse programs, and that her parental rights should be terminated.

The trial court issued the written order of termination on July 27, 2007, and it included the following findings regarding Bermea:

The Court finds by clear and convincing evidence that termination of the parent-child relationship between [Bermea] and the children the subject of this suit is in the children's best interest.

Further, the Court finds by clear and convincing evidence that [Bermea] has: [1] engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; [and][2] used a controlled substance ... in a manner that endangered the health or safety of the children, and (1) failed to complete a court-ordered substance abuse treatment program; or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance.

Bermea filed a notice of appeal, but failed to file either a statement of the points she intended to raise on appeal or a motion for new trial. This appeal followed.

## Issues

In six issues, Bermea argues that the evidence was legally and factually insufficient to show that she allowed the children to remain in surroundings that endangered their physical or emotional well being, and the evidence was legally and factually insufficient to show that she used a controlled substance in a manner that endangered the health or safety of the children. She also argues that her counsel was ineffective because she failed to file a statement of points for appeal and that her due process rights would be violated by this

court's refusal to consider her points of error.

## A. Legal and Factual Sufficiency

■ Preliminarily, we must address DFPS's argument that Bermea did not preserve any issues for appeal because she failed to file a statement of points. Section 263.405(b) of the Texas Family Code requires an appellant to file "a statement of the point or points on which the party intends to appeal" not later than the fifteenth day after the date a final termination order is signed. TEX. FAM.CODE ANN. § 263.405(b) (Vernon Supp.2007). Furthermore, subsection (i) provides:

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

*Id.* § 263.405(i) (Vernon Supp.2007). Under the express terms of the statute, we cannot consider the issues related to the sufficiency of the evidence supporting the trial court's termination decree. *See Pool v. Tex. Dep't of Family & Protective Servs.*, 227 S.W.3d 212, 215 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (construing section 263.405(i) in context of legal and factual sufficiency challenge).

Here, the record contains no statement of points on appeal or motion for new trial. Therefore, we cannot consider Bermea's arguments of legal and factual sufficiency. *See id.*

We overrule Bermea's first, second, third, and fourth issues.

## B. Ineffective Assistance of Counsel

In her sixth issue, Bermea argues that she received ineffective assistance of counsel because her counsel failed to file a statement of points for appeal. In her fifth issue, Bermea argues that her due process rights would be violated by this court's refusal to consider her issues on appeal. Specifically, she argues that "to refuse to consider [her] factual and legal sufficiency challenges due to her failure to comply with [section] 263.405, would result in a complete bar to her appeal and as such, would deny her due process of law." DFPS responds that an ineffective assistance of counsel claim may not be raised for the first time on appeal because that issue must first be presented in the statement of points for appeal. We, therefore, consider whether an ineffective assistance of counsel claim falls within the scope of section 263.405(i) of the Family Code and may not be considered on appeal unless preserved in a timely filed statement of points for appeal.

### 1. Right to Effective Assistance

■ In *In re M.S.*, the Texas Supreme Court resolved a split among the courts of appeals and held that parents are entitled to effective assistance in termination proceedings, and it adopted a two-pronged test for evaluating claims of ineffective assistance of counsel based on *Strickland v. Washington*, 466 U.S. 668, 681, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). 115 S.W.3d 534, 544–45 (Tex.2003); *see also* TEX. FAM.CODE ANN. § 107.013 (Vernon Supp.2007) (according right to appointed counsel).

Prior to the supreme court's decision in *In re M.S.*, this Court had already held that the statutory right to counsel in termination cases meant the right to effective assistance of counsel. *In re J.M.S.*, 43 S.W.3d 60, 63 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *see also* TEX. FAM.

CODE ANN. § 107.013. We observed that this right was not only statutory but constitutional in that the United States Supreme Court had unanimously held that "the interest of parents in their relationship with their children is sufficiently fundamental to come within the finite class of liberty interests protected by the Fourteenth Amendment." *In re J.M.S.*, 43 S.W.3d at 63. We further observed that, because "[f]ew consequences of judicial action are so grave as the severance of natural family ties," the Supreme Court had placed termination of parental rights cases in the same category as criminal cases. *Id.* Like the United States Supreme Court, we adopted the *Strickland* standard for determining the effectiveness of counsel. *Id.* (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *see also In re M.S.*, 115 S.W.3d at 544–45 (holding that *Strickland* standard of ineffective assistance of counsel applies to parental termination cases). Recognizing that Bermea has a constitutional and statutory right to effective assistance of counsel in termination proceedings, we turn to whether she has the right to raise her ineffective assistance complaint for the first time on appeal.

### 2. Preservation of the Right to Appeal Ineffective Assistance

In *Doe v. Brazoria County Child Protective Services*, we held that ineffective assistance of counsel claims can be raised in termination cases for the first time on appeal, despite an appellant's counsel's failure to file a statement of points or motion for new trial. 226 S.W.3d 563, 576 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *accord, In re K.K.*, 180 S.W.3d 681, 684 (Tex.App.-Waco 2005, no pet.); *In re T.R.F.*, 230 S.W.3d 263, 266 n. 2 (Tex.App.-Waco 2007, pet. filed) (Vance, J., concurring). We based our holding on *In re J.M.S. See Doe*, 226 S.W.3d at 576.

DFPS now asks that we reconsider our holding in *Doe* because (1) we reached a seemingly opposite conclusion in *Mikowski v. Texas Department of Family and Protective Services*, No. 01–07–00011–CV, 2007 WL 3038099 (Tex.App.-Houston [1st Dist.] Oct. 18, 2007, no pet.) (mem.op.); (2) the authority on which *Doe* relied is inapplicable because it dates from before the legislature's 2005 addition of section 263.405(i) to the Family Code, which precludes consideration on appeal of issues not raised in the statement of points for appeal; and (3) other courts of appeals have declined to follow the holding in *Doe* and have held that a claim of ineffective assistance of counsel based on counsel's failure to file a statement of points for appeal cannot be raised for the first time on appeal. We address each of DFPS's assertions.

#### a. This Court's decision in Mikowski

The *Mikowski* case involved the termination of parental rights of both a mother and a father. In his brief filed with this Court, appellant Mikowski, the father, raised the claim that his trial counsel had provided ineffective assistance during trial. *See* Appellant's Brief at \*28–30, *Mikowski*, 2007 WL 3038099. Because he had filed his statement of points two days after the deadline, however, we declined to consider any of Mikowski's appellate issues. *Id.* at \*2. Mikowski did not brief or argue the preservation of his ineffective assistance claim. We, therefore, did not reach his ineffective assistance argument. Because we were not asked to consider whether Mikowski's ineffective assistance claim could be raised for the first time on appeal, we did not address that issue or overrule *Doe* in *Mikowski*.

Indeed, we implied in dicta in another case, decided, like *Mikowski*, in 2007, that we *could* consider a challenge to the effec-

tiveness of counsel raised for the first time on appeal that was premised on counsel's failure to file a statement of points for appeal in a parental rights termination case. *See Pool,* 227 S.W.3d at 216 (stating, "[A]ppellant has not asserted that his trial counsel effectively abandoned him after the trial court signed its judgment, nor has he made any argument that his trial counsel provided ineffective assistance in not filing a statement of points or a new trial motion[,]" and thus, "[a]ppellant's general assertions regarding the appointment of his appellate counsel do not compel the conclusion that he was precluded from exercising his right to appeal") (internal citations omitted). *Doe,* therefore, remains binding precedent and is consistent with the previous decisions of this Court, and we decline DFPS's invitation to overrule it.

### b. Authority of Doe after enactment of Family Code subsection 263.405(i)

▇ DFPS is correct that *In re J.M.S.,* the authority we cited in *Doe,* dates from before the legislature's passage, in 2005, of section 263.405(i) of the Family Code, which limits an appellate court's ability to consider any issues that were not specifically presented to the trial court in a statement of points for appeal. *See* TEX. FAM. CODE ANN. § 263.405(i) (Vernon Supp. 2007); *see also In re J.M.S.,* 43 S.W.3d at 63; *see also In re E.A.R.,* 201 S.W.3d 813, 814–16 (Tex.App.-Waco 2006, no pet.) (Vance, J., concurring) (detailing history of Texas Family Code section 109.002, granting right to appeal in family law cases, and related statutes). However, we consider

the fact that section 263.405(i) was enacted after *In re J.M.S.* to be immaterial. The question is not when section 263.405(i) was enacted, but whether ineffective assistance claims fall within its scope. We hold that they do not.

Section 263.405(i) requires the timely filing of a "statement of points on which the party intends to appeal" in order for an appellant's issues to be considered by the appellate court. *See* TEX. FAM.CODE ANN. § 263.405(i). In *Doe,* as here, however, the claim of ineffective assistance of counsel consists of the failure to file a statement of points for appeal and, therefore, did not arise until after the trial court's authority over the case had terminated. Thus, subsection (i) could not apply to the situation in *Doe.* Indeed, it is not logical to claim that an ineffective assistance claim based on failure to file a statement of points must be included in a statement of points in order to be preserved for appellate review. *See In re T.R.F.,* 230 S.W.3d at 266 n. 2 (Vance, J., concurring) ("Logically, an ineffective-assistance claim based on the untimeliness of the statement of points could not be required in a timely statement of points.").

In addition, we observe that prohibiting appeal of an ineffective assistance claim that consists of the failure of counsel to preserve the right to appeal ineffective assistance would partially abrogate the right to effective counsel established by section 107.013 because a parent could never protest such ineffectiveness.[1] *See In re M.S.,* 115 S.W.3d at 544–45 (recognizing statutory right to effective counsel);

---

1. We note that direct appeal is the only recourse for a parent whose parental rights have been terminated due to ineffective assistance of counsel. *See In re D.A.R.,* 201 S.W.3d 229, 230–31 (Tex.App.-Fort Worth 2006, no pet.) ("[U]nlike their counterparts in criminal cases, for whom the legislature has specifically provided an avenue of adequate relief through a writ of habeas corpus if trial counsel was ineffective but did not preserve the issue for appeal, parents in these cases who allege ineffective assistance of counsel apparently have no recourse other than direct appeal by which to overturn the trial court's judgment severing forever the ties with their children.").

*In re J.M.S.*, 43 S.W.3d at 63 (same); TEX. FAM.CODE ANN. § 107.013. The right to effective assistance of counsel in termination cases is not only a statutory right but also a constitutional right guaranteed by the due process clause of the Fourteenth Amendment. *See M.L.B. v. S.L.J.*, 519 U.S. 102, 103, 117 S.Ct. 555, 557, 136 L.Ed.2d 473 (1996); *In re J.M.S.*, 43 S.W.3d at 63. A citizen may not be deprived of due process of law. U.S. CONST. amend. XIV, § 1. Rather, a citizen may be deprived of a constitutional right only by his own knowing waiver of that right. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 132 (Tex.2004) (quoting *Brady v. U.S.*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.")). We decline to hold that an appellant may waive the constitutional right to effective assistance unintentionally and through the very ineffective act of counsel of which she complains.

Moreover, if we were to hold that an appellant cannot bring a claim on appeal for ineffective assistance of counsel based on her counsel's failure to file a statement of points for appeal the result would be that an appellant would lose the entire right to appeal provided for in the Family Code when ineffective counsel failed to file a statement of points for appeal. *See* TEX. FAM.CODE ANN. § 109.002 (Vernon 2002), § 263.405 (Vernon Supp.2007). Under the rules of statutory interpretation, when the legislature enacts a statute, it is presumed that the entire statute is intended to be effective and that a just and reasonable result is intended. TEX. GOV'T CODE ANN.

§ 311.021(2), (3) (Vernon 2005). Moreover, amendments to a statute are to be harmonized, if possible, so that effect may be given to each. *Id.* § 311.025(b) (Vernon 2005).

Neither the Family Code nor the legislative history of the 2005 amendment to section 263.405 indicates that in requiring a statement of points for appeal the legislature intended to abrogate the entire right to appeal provided by that section if ineffective counsel failed to preserve that right by complying with the statutory requirements. Rather, the legislature's stated intent in adding section 263.405(i) was to reduce post judgment delays and, therefore, to decrease the amount of time that abused or neglected children had to spend in foster care. *See* HOUSE COMM. ON JUVENILE JUSTICE AND FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 409, 79th Leg., R.S. 2005 ("If a mistake is pointed out to the trial court that warrants a new trial, the trial court can immediately order a new trial, and the Legislature's goal to decrease post-judgment delays is accomplished."). The interpretation of section 263.405(i) as precluding the right to appeal ineffective assistance claims not set out in a timely filed statement of points for appeal cannot be traced back to legislative intent, violates the rules of statutory construction, deprives a parent of statutory and constitutional rights, and is unjust. We decline to interpret section 263.405(i) in a manner that has such effects.

*c.   Split in the Courts of Appeals*

DFPS is correct that the courts of appeals have split on the issue of whether an appellate court may consider a complaint that trial counsel was ineffective by failing to file a statement of points for appeal.[2]

---

**2.** Several courts of appeals have held the opposite-that an ineffective assistance of counsel claim, even one based on failure to file a

timely statement of points, must be preserved in a statement of points. *E.g., In re R.M.R.*, 218 S.W.3d 863, 864 (Tex.App.-Corpus Christi

We respectfully disagree with those courts which have held that an ineffective assistance claim in a termination of parental rights suit must be preserved in a statement of points or is waived. As discussed above, we cannot interpret subsection 263.405(i) either as intended to eliminate the entire right of appeal as provided for in the Family Code when counsel has been ineffective in failing to file a statement of points for appeal or as intended to abrogate the statutory and constitutional right to effective counsel in whole or in part. *See* Tex. Fam.Code Ann. §§ 107.013, 109.002.

We also note that neither the rules of statutory construction nor the legislative history behind section 263.405(i) supports an interpretation that disallows the appeal of trial counsel's ineffective failure to file a statement of points for appeal. First, as argued above, the interpretation of section 263.405(i) offered by DFPS is inconsistent both with the exercise of the constitutional and statutory right to effective assistance of counsel and with the exercise of the right to appeal provided in the Family Code, and it is neither just nor reasonable. Nor is such an interpretation required to fulfill the purpose of section 263.405(i). *See* House Comm. On Juvenile Justice and Family issues, Bill Analysis, Tex. H.B. 409, 79th Leg., R.S.2005. Rather, our interpretation of section 263.405(i) as not precluding a parent from raising ineffective assistance for the first time on appeal is compatible with the legislative goal of preventing delay in the final resolution of termination of parental rights cases.

The constitutional standard for determining the effectiveness of counsel established in *Strickland* and adopted for parental rights termination cases by this Court in *In re J.M.S.* and by the Texas Supreme Court in *In re M.S.* establishes a high hurdle for a parent hoping to reverse termination. The parent must establish that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *In re J.M.S.*, 43 S.W.3d at 63 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). Thus, the test of ineffective assistance in a parental termination case countenances additional delay in the final resolution of the case only in those rare instances in which the deprivation of parental rights caused by the ineffective assistance was of constitutional magnitude. Unless that standard is met, there is no delay beyond that of any other accelerated appeal.[3] Therefore, the purpose of the legislature in enacting section 263.405(i)-to prevent delay in the final resolution of termination of parental rights cases-is not thwarted by our holding that a claim of ineffective assistance of counsel in failing to file a statement of points need not be preserved in a statement of points. Nor can we find any other justification for holding otherwise.

We hold that a person whose parental rights have been terminated may raise for the first time on appeal a claim of ineffective assistance for counsel's failure to file a statement of points for appeal. *See Doe*, 226 S.W.3d at 576. We turn, therefore, to the merits of Bermea's ineffective assistance claim.

### 3. Merits of Bermea's Ineffective Assistance of Counsel Claim

---

2007, no pet.); *In re R.C.*, 243 S.W.3d 674, 676–77 (Tex.App.-Amarillo 2007, no pet.); *In re R.M.*, No. 04–07–00048–CV, 2007 WL 1988149, at *1 (Tex.App.-San Antonio July 11, 2007, pet. denied).

**3.** The appeal of termination of parental rights cases is accelerated. Tex. Fam.Code Ann. § 109.002(a) (Vernon 2002), § 263.405(a) (Vernon Supp.2007).

To successfully assert an ineffective assistance of counsel claim, a defendant in a parental termination case must show that her counsel's performance was deficient and that this deficiency prejudiced the defense. *Id.* at 571; *see also In re M.S.*, 115 S.W.3d at 544–45 (holding that two prong test from *Strickland* also applies in context of civil parental-rights termination proceedings) (citing *Strickland*, 466 U.S. at 687–92, 104 S.Ct. at 2063–67). This standard requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable. *Doe*, 226 S.W.3d at 572 (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). If we conclude that an appellant's counsel's conduct was deficient, we must then determine if that conduct was prejudicial to the appellant by assessing whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* (citing *In re M.S.*, 115 S.W.3d at 550 (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068)). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.*

Here, Bermea's counsel's failure to file a statement of points deprived Bermea of appealing the legal and factual sufficiency of the evidence to support the trial court's order terminating her parental rights. This constitutes deficient conduct that satisfies the first prong of the *Strickland* test. *See Doe*, 226 S.W.3d at 576.

Next, we must determine whether Bermea's counsel's deficient conduct caused her harm. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *In re M.S.*, 115 S.W.3d at 549–50. In reviewing the record to determine harm, we proceed as if the sufficiency challenges had been preserved, under our established standards in parental-rights termination cases, understanding that the evidentiary burden in such cases is "clear and convincing" evidence. *Doe*, 226 S.W.3d at 573 (citing *In re M.S.*, 115 S.W.3d at 550).

Section 161.001 of the Texas Family Code authorizes involuntary termination of a parent-child relationship if the court finds by clear and convincing evidence that the parent has committed at least one of the acts or omissions listed in subsection (1) and that termination is in the best interest of the child. TEX. FAM.CODE ANN. § 161.001 (Vernon Supp.2007). A trial judge only needs to make one finding of parental misconduct under section 161.001(1) of the Family Code. *In re A.V.*, 113 S.W.3d 355, 362 (Tex.2003).

Here, Bermea challenges the trial court's findings that she allowed the children to remain in surroundings that endangered their physical or emotional well being and that she used a controlled substance in a manner that endangered the health or safety of the children. However, Bermea does not challenge the trial court's findings that she engaged in conduct or knowingly placed her children with persons who engaged in conduct which endangered the physical or emotional well-being of the children pursuant to section 161.001(1)(E), nor does she challenge the trial court's finding that termination of her parental rights was in the children's best interest. The trial court's finding under section 161.001(1)(E), together with its finding that termination was in the children's best interest, are sufficient to support the termination, and we do not need to address the trial court's other findings under section 161.001(1). *See In re A.V.*, 113 S.W.3d at 362.

Because Bermea could not have prevailed on her legal and factual sufficiency arguments, we cannot say that the result of the proceeding would have been any

different if she had had effective counsel. Therefore, Bermea did not suffer any harm from her counsel's deficient conduct. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *In re M.S.,* 115 S.W.3d at 549–50.

We overrule Bermea's fifth and sixth issues.

### Conclusion

We affirm the order of the trial court.