Opinion issued July 29, 2010.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-08-00345-CV

———————————

 

IN THE INTEREST OF V.V., A MINOR CHILD



 



 

On Appeal from the 313th District
Court

Harris County, Texas

Trial Court Cause No. 2006-10410J



 



 

CONCURRING AND
DISSENTING OPINION ON EN BANC REVIEW

 

          I
agree with the majority of the en banc court that the original panel opinion
represents a grave departure from precedent in the review of parental
termination cases for the reasons set out in Justice Bland’s majority opinion
and that it, therefore, merits en banc review under Texas Rule of Appellate
Procedure 41.2 to “maintain uniformity of the court’s decisions.”  Tex.
R. App. P. 41.2(c).  I also agree
with the majority’s determination that the record is legally and factually
sufficient to support termination of appellant’s parental rights on the ground
of endangerment of a child.  I disagree
with the majority’s invitation to appellant to file a motion to abate the appeal
for remand to the trial court to attempt to establish a record of ineffective
assistance of counsel.  I believe this
procedure is contrary to Texas Supreme Court and Texas Court of Criminal
Appeals precedent in ineffective assistance of counsel cases.[1]  Thus, I dissent from this part of the
majority opinion.  I also disagree with
the dissenting justices’ (the original panel’s) application of the standard of
review of ineffective assistance in this case. 

          I
would apply the established Strickland
standard of review of ineffective assistance of counsel.[2]
 I would hold that appellant has failed
to satisfy the first prong of the Strickland
standard because he has failed to show that his trial counsel’s performance
fell below professional standards.  Furthermore,
even had appellant made such a showing, it is the appellant’s burden
on appeal to show prejudice from his counsel’s ineffective assistance in order
to satisfy the second prong of the Strickland
standard.  Appellant has failed to make any
showing that his parental rights would probably not have been terminated but
for his counsel’s ineffective performance at trial. 
Thus, I would also hold that appellant has failed to satisfy the second
prong of Strickland.  Since he has satisfied neither prong of the
standard of review, he has not shown that he received ineffective assistance at
trial.  

          If
I were to reach the issue of whether appellant’s counsel was ineffective for
failing to preserve for appeal the issue of sufficiency of the evidence of
endangerment, I would find the evidence both legally and factually sufficient
to support termination on this ground for the reasons stated in Justice Bland’s
opinion and in this opinion.

          I
would affirm the trial court’s judgment terminating appellant’s parental rights.

Standard of Review of Ineffective Assistance in Termination
Proceedings

          In
Bermea v. Tex. Dept. of Family &
Protective Servs., 265 S.W.3d 34 (Tex. App.—Houston [1st Dist.] 2008), pet. denied sub nom., In re G.B., 264
S.W.3d 742 (Tex. 2008), this Court stated, following In re M.S., 115 S.W.3d 534 (Tex. 2003):

In In re M.S., the Texas Supreme Court resolved a split among the
courts of appeals and held that parents are entitled to effective assistance in
termination proceedings, and it adopted a two-pronged test for evaluating
claims of ineffective assistance of counsel based on Strickland v. Washington, 466 U.S. 668, 681, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674 (1984).  115 S.W.3d 534,
544–45 (Tex.2003); see also Tex. Fam. Code Ann. § 107.013 (Vernon
Supp. 2007) (according right to appointed counsel).

 

Prior to the supreme court’s
decision in In re M.S., this Court
had already held that the statutory right to counsel in termination cases meant
the right to effective assistance of counsel.  In re
J.M.S., 43 S.W.3d 60, 63 (Tex. App.—Houston
[1st Dist.] 2001, no pet.); see also Tex. Fam. Code Ann. § 107.013.  We observed that this right was not only
statutory but constitutional in that the United States Supreme Court had
unanimously held that “the interest of parents in their relationship with their
children is sufficiently fundamental to come within the finite class of liberty
interests protected by the Fourteenth Amendment.”  In re
J.M.S., 43 S.W.3d at 63.  We further
observed that, because “[f]ew consequences of judicial action are so grave as
the severance of natural family ties,” the Supreme Court had placed termination
of parental rights cases in the same category as criminal cases.  Id.  Like the United States Supreme Court, we
adopted the Strickland standard for
determining the effectiveness of counsel.  Id.  (citing Strickland,
466 U.S. at 687, 104 S. Ct. at 2064); see
also In re M.S., 115 S.W.3d at
544–45 (holding that Strickland
standard of ineffective assistance of counsel applies to parental termination
cases).  

 

Bermea, 265
S.W.3d at 38–39.  This Court reiterated:

The right to effective
assistance of counsel in termination cases is not only a statutory right but
also a constitutional right guaranteed by the due process clause of the
Fourteenth Amendment.  See M.L.B. v. S.L.J., 519 U.S. 102, 103,
117 S. Ct. 555, 557, 136 L. Ed.2d 473 (1996); In re J.M.S., 43 S.W.3d at 63.

 

Id. at 41.  Finally,
we stated:

 

The constitutional standard
for determining the effectiveness of counsel established in Strickland and adopted for parental
rights termination cases by this Court in In
re J.M.S. and by the Texas Supreme Court in In re M.S. establishes a high hurdle for a parent hoping to reverse
termination.  The parent must establish
that “counsel’s conduct so undermined the proper functioning of the adversarial
process that the trial cannot be relied on as having produced a just result.”  In re
J.M.S., 43 S.W.3d at 63 (quoting Strickland,
466 U.S. at 687, 104 S. Ct. at 2064).  Thus,
the test of ineffective assistance in a parental termination case countenances
additional delay in the final resolution of the case only in those rare
instances in which the deprivation of parental rights caused by the ineffective
assistance was of constitutional magnitude.

 

Id. at 42.  

          After
Bermea was decided by this Court, the
Texas Supreme Court reiterated its prior holdings in In re M.S. and In re J.F.C.,
that, in parental-rights termination cases, an “ineffective assistance of
counsel claim raises due process concerns” and that the constitutional Strickland standard of ineffective
assistance applies.  In re J.O.A., 283 S.W.3d 336, 347 (Tex. 2009); see also In re M.S., 115 S.W.3d at 544–45; In re J.F.C., 96 S.W.3d 256, 280 (Tex. 2002).  It further stated, “An ineffective assistance
of counsel claim . . . requires more than merely showing that appointed counsel
was ineffective.  There are two elements
to the Strickland standard.”  In re
J.O.A., 283 S.W.3d at 344.  Under the
first prong of Strickland, the defendant
must show that his counsel’s performance was deficient, i.e., “that counsel
made errors so serious that counsel was not functioning as the ‘counsel’
guaranteed the defendant by the Sixth Amendment.” Id. at 342 (quoting In re
M.S., 115 S.W.3d at 545).  

          In
assessing the first prong, the reviewing court must presume that “‘counsel’s
conduct falls within the wide range of reasonable professional assistance,’
including the possibility that counsel’s decision not to challenge factual
sufficiency was based on strategy, or even because counsel, in his professional
opinion, believed the evidence factually sufficient such that a motion for new
trial was not warranted.”  In re J.OA., 283 S.W.3d at 343 (quoting Strickland, 466 U.S. at 689, 104 S. Ct.
at 2065).

Under the
second prong, “the defendant must show that counsel’s ‘deficient performance
prejudiced the defense . . . that counsel’s errors were so serious as to
deprive the defendant of a fair trial, a trial whose result is reliable.’”  Id.
at 344 (quoting Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064).  In
assessing the second prong, “[t]aking the unaffected findings as a given, and
taking due account of the effect of the errors on the remaining findings, a
court making the prejudice inquiry must ask if the defendant has met the burden
of showing that the decision reached would reasonably likely have been
different absent the errors.”  In re J.F.C., 96 S.W.3d at 281 (quoting Strickland, 466 U.S. at 696, 104 S. Ct. at
2069).  

A.      The
En Banc Majority’s Application of the Strickland
Standard of Review

          The
en banc majority in this case agrees that “in evaluating claims of ineffective
assistance of counsel in civil parental-rights termination cases, we begin with
the standard set forth by the United States Supreme Court for criminal cases in
Strickland v. Washington.”  Slip Op. at 21 (citing In re M.S., 115 S.W.3d at 544); see
also In re J.O.A., 283
S.W.3d at 341–42; In re J.F.C., 96
S.W.3d at 280.  However, having stated the correct standard
of review, the majority disregards the presumption in Strickland that counsel’s conduct falls within the wide range of
professional assistance and might be based on strategy or a reasonable  professional opinion.  See In
re J.O.A., 283 S.W.3d at 343.  The en
banc majority simply recites the allegations in appellant’s pleading without
any review of the record and presumes, not that appellant’s trial counsel’s
decisions fell within the wide range of reasonable professional assistance, as
required by the Strickland standard,
but the opposite, namely that “counsel made errors so serious that [he] was not
functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.”’
 Id.  

          Having
incorrectly presumed that appellant’s counsel’s performance was
constitutionally deficient, so that the first prong of Strickland need not be considered, the majority next correctly
observes that, under the second prong of Strickland,
“Texas law burdens the father seeking reversal of the trial court’s decision
with demonstrating a reasonable probability that he would have been awarded
custody of this child save for his trial counsel’s ineptness.”  Slip Op. at 24.  However, despite the supreme court’s
instruction in In re M.S. and in In re J.F.C. that to prove the second
prong of the Strickland standard the
appellate court must determine whether “the defendant has met the burden of
showing that the decision reached would reasonably likely have been different
absent the errors,” the en banc majority fails to hold appellant to this
burden.  In re J.F.C., 96 S.W.3d at 281 (quoting Strickland, 466 U.S. at 696, 104 S. Ct. at 2069); In re M.S., 115 S.W.3d at 549–50.  Although it purports to follow the
analytical roadmap set out in In re M.S.,
the majority’s analysis is not
substantiated by a review of either In re
J.O.A. or In re M.S., and the en
banc court’s subsequent invitation to the father in this case to “request that
we abate the case to the trial court for a hearing to determine whether any
deficiency in counsel’s performance affected the outcome of the case” is foreign to Texas law.

          In In
re M.S., the supreme court was confronted with the argument by an indigent
mother whose parental rights to her five sons had been terminated that her
trial attorney had been ineffective because, among things, he had failed to
preserve a meritorious factual insufficiency of the evidence claim by failing
to file a motion for new trial statutorily required for factual sufficiency
review.  In re M.S., 115 S.W.3d at 535–36, 543–44.  The supreme court concluded that “the
fundamental liberty interests at issue were too dear and the risk of erroneous
deprivation too significant to countenance the waiver of a parent’s appellate
rights through procedural neglect.”  In re J.O.A., 283 S.W.3d at 343 (citing In re M.S., 115 S.W.3d at 549; U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19).  It concluded that, under the circumstances of
that case, the appellant had satisfied her burden under the first prong of Strickland by proving her counsel’s
incompetency in failing to preserve her factual insufficiency complaint.  In re
M.S., 115 S.W.3d at 549.  

          After cautioning in In re M.S. that it was not holding that
every failure to preserve factual sufficiency rises to the level of ineffective
assistance, the supreme court set out instructions for the appellate courts in
reviewing ineffective assistance in parental-rights termination cases, stating:

[O]ur
appellate courts must engage in a review using the established Strickland standards.  That is, the appellate court must indulge in
the “strong presumption that counsel’s conduct falls within the wide range of
reasonable professional assistance,” including the possibility that counsel’s
decision not to challenge factual sufficiency was based on strategy, or even
because counsel, in his professional opinion, believed the evidence factually
sufficient such that a motion for new trial was not warranted.  As the Court of Criminal appeals has stated,
“[w]hen a motion for new trial is not filed in a case, the rebuttable
presumption is that it was considered by the appellant and rejected.”  In short, the courts must hold the parent’s
burden [to be] to show that “counsel’s performance fell below an objective
standard of reasonableness.”

 

          The appellate courts must also conduct
a review to determine whether counsel’s defective performance caused harm; in
other words, whether “there is a reasonable probability that, but for counsel’s
unprofessional error(s), the result of the proceeding would have been
different.”  The appellate court will
conduct such a review to determine harm as if factual sufficiency had been
preserved, under our established factual sufficiency standard in
parental-rights termination cases, understanding that the evidentiary burden in
such cases is “clear and convincing.”

 

In re M.S., 115 S.W.3d at 549–50 (citations
omitted).

          Following its own instructions, the
court then considered whether the appellant was harmed by her counsel’s
defective performance, as required to satisfy the second prong of Strickland.  Because counsel’s ineffectiveness in In re M.S. in failing to file a motion
for new trial, as required for factual sufficiency review, could have resulted
in harm to the mother whose rights were terminated only if the evidence was, in
fact, factually insufficient to support the judgment terminating her parental
rights, and because no factual sufficiency review had been done by the
appellate court, the supreme court remanded the case to the court with
instructions, stating:

[I]f
the court of appeals finds that the evidence to support termination was
factually insufficient, and that counsel’s failure to preserve a factual
sufficiency complaint was unjustified and fell below being objectively
reasonable, then it must hold that counsel’s failure to preserve the factual
sufficiency complaint by a motion for new trial constituted ineffective
assistance of counsel.  In that case, the
court of appeals should reverse the trial court’s judgment, and remand the case
for a new trial.

 

Id. at 550.

          The supreme court reached the same
conclusion on the first prong of Strickland
in In re J.O.A., namely that the
indigent father whose rights were terminated had been deprived of due process
by his counsel’s unjustified failure to preserve a factual sufficiency claim
for review, in that case by failing to file a statutorily required statement of
points for appeal.  See In re J.O.A., 283
S.W. 3d at 340–43.  Just as in In re M.S., the supreme court concluded,
as had the appellate court below, that the appellant had met his burden of
showing that his counsel’s performance fell below an objective standard of
reasonableness, thereby satisfying the first prong of Strickland.  Id. 


          The supreme court then turned to the
second prong of Strickland.  In
In re J.O.A., the court of appeals, unlike
the appellate court in In re M.S., had
considered both the legal and the factual sufficiency of the evidence, despite
the failure of the appellant’s trial counsel to file a statement of points for
appeal, and it had found the evidence supporting termination to be both legally
and factually insufficient to support termination of the father’s parental rights.  Id.
at 339, 346.  The supreme court concluded
that the evidence of endangerment, on which termination was predicated, was
legally sufficient to support termination. 
Id. at 346.  However, although it did not agree with the
court of appeals that the evidence was factually insufficient to support
termination, it recognized that, under the Texas Constitution, factual
sufficiency review is committed to the courts of appeals and not to the supreme
court.  Id. at 346–47 (citing Tex.
Const. art. V, § 6). 
Therefore, because the court of appeals had determined that the evidence
at trial was factually insufficient to support the essential finding that the
parent had endangered the child, the supreme court remanded the case to the
trial court for a new trial on the issue of termination of the father’s
parental rights.  Id. at 347.

          Neither in In re M.S. nor in In re
J.O.A. did the supreme court conclude, as does the en banc majority in this
case, that the evidence was legally and factually sufficient to support terminating
a parent’s rights, affirm the judgment of the trial court, and then allow the
appellant to request abatement to the trial court “for a hearing to determine
whether any deficiency in counsel’s performance affected the outcome of the
case.”  Slip Op. at 26.  Rather, this ruling is directly contrary to
the clear instructions for appellate review of ineffective assistance cases
under Strickland set out in In re M.S. and quoted above.  See In
re M.S., 115 S.W.3d at 549–50.  Nor
is there any precedent in Texas or United States Supreme Court law for such a
ruling.

          I therefore dissent from this portion
of the en banc majority’s opinion.  I
would apply the Strickland standard
of review as set out in In re M.S., In re J.M.C., and In re J.O.A. to appellant’s ineffective assistance claim.

B.  The Dissenting Justices’Application of the Strickland Standard of Review

 

          Unlike
the en banc majority, the dissenting justices do not simply presume that
appellant’s trial counsel’s performance was constitutionally ineffective and
therefore fail to address appellant’s counsel’s actual performance under the first
prong of Strickland.  They review appellant’s counsel’s performance
and conclude not only that it was ineffective, satisfying the first prong of Strickland, but that it was so deficient
as to amount to no representation at all and that therefore harm must be
presumed under the second prong of Strickland. See Slip. Op. at 5.  Thus,
they would reverse the termination of appellant’s parental rights and render
judgment that his parental rights are not terminated.  Slip Op. at 71.  

          Unlike
the dissent, I would indulge the “strong presumption” that appellant’s
counsel’s performance fell within “the wide range of reasonable professional
assistance,” including the possibility that counsel’s decision not to challenge
the factual sufficiency of the evidence of endangerment was based on strategy
or a professional opinion that the evidence was factually sufficient.  See In
re M.S., 115 S.W.3d at 549.  I would
hold, on the basis of the record in this case, that appellant has not shown
that his trial counsel’s performance was below professional standards, as
required to prove the first prong of Strickland.  However, even if I thought that appellant had
proved that his counsel’s performance was constitutionally deficient, I would
still find no reasonable probability that but for the acts and omissions of
counsel the outcome of the termination proceedings would have been
different.  See In re J.O.A., 283 S.W.3d at 344.  Thus, I would not conclude that appellant’s
trial counsel’s performance deprived him of a fair trial with a reliable
result.  See In re J.F.C., 96 S.W.3d at 281. 


            Appellant’s
trial counsel was also his original counsel on appeal.  He filed a statement of six points for
appeal, as provided by section 263.405(b)(2) of the Family Code.  See
Tex. Fam. Code § 263.405(b)(2) (Vernon
2008).  On appeal, he filed a brief raising
only one issue contesting the trial court’s finding, pursuant to section
263.405(d)(3), that the appeal was frivolous.  See id.
§ 263.405(d)(3).[3]  A three-judge panel of this Court struck the
brief, however, and remanded the case to the trial court with orders that the trial
court appoint new appellate counsel and that appellant’s new counsel brief the
issue of ineffective assistance, including the sufficiency of the evidence of
endangerment, “if appropriate.”  Both the
original panel opinion and the opinions on en banc review are based on the
brief submitted by appellant’s new appellate counsel.

          Appellant’s
new appellate counsel acknowledges that appellant’s original counsel filed a
statement of points listing six points for appeal, finds three of those
frivolous, including the argument that the evidence was legally and factually
insufficient to show that termination was in the best interest of the child,
but then argues that the statement of points was ineffective for failing to include
legal and factual insufficiency of the evidence in support of endangerment of
the child. 

          Appellant’s
new counsel also argues, as did his original counsel, that appellant’s trial
counsel erred by failing to object to the trial court’s taking judicial notice
of the contents of the Department of Family Protective Services (DFPS) file on
V.V., including the departmental affidavit describing the reasons the child was
taken into care.  He also observes that appellant’s
criminal record was offered and admitted into evidence without objection and
that photos of the child’s mother after her assault by appellant were admitted
into evidence over the objection of appellant’s trial counsel that they went
“to the criminal side.”

At the same
time, Appellant’s brief acknowledges with citations to the record, that caseworker
Felicia Washington did testify that appellant’s paternity test confirmed that
he was the father; that appellant was in jail for assaulting the child’s mother
when the case began but had appeared in court at the last hearing and had been
advised of the date of the final hearing; that appellant had a criminal record;
that appellant had not attempted to contact DFPS to check on V.V.’s welfare;
that, at the time of the hearing, V.V. had been with a foster family for 14
months, since she was four months old, had bonded with them, and had not been
able to bond with appellant; that appellant was unable to show he had any
relative who could take care of the child; and that appellant was living with
V.V.’s mother, who had tested positive for cocaine at the birth of the
child.  

          In
responding to appellant’s brief, and after reviewing the record, the dissent concludes
that appellant’s counsel erred in “fail[ing] to bench warrant [appellant] to trial”;
and it faults him for making only an oral motion for a bench warrant, which the
trial judge denied, and failing to file a verified motion for continuance.  Slip Op. at 27, 30–31.  It declares appellant’s counsel incompetent for
“failing to secure [appellant’s] presence at trial,” without regard to counsel’s
motion for new trial and statement of points, both based on the trial court’s
denial of a bench warrant.  See id. 
The dissent also finds appellant’s trial counsel ineffective for failing
to object to the trial court’s taking judicial notice of the DFPS file and
failing to object to the introduction into evidence of “numerous
unauthenticated copies” of appellant’s criminal records.  Slip Op. at 27.  Yet it requires no showing by appellant that
the trial court erred in taking notice of the DFPS file or that appellant’s
criminal records could not readily have been authenticated.[4]


          Likewise,
the dissent complains that appellant’s counsel’s objection to the admission of
photos of the child’s mother following her beating by appellant, namely “goes
to the criminal side,” was “invalid,” but it requires no showing by appellant
that the photos were actually inadmissible and therefore could have been
suppressed with a properly phrased objection. 
Id.  It also calls appellant’s trial counsel
ineffective for failing to cross-examine the DFPS worker and to call witnesses
on appellant’s behalf.  Id. at 28.  Yet it requires no showing by appellant that
cross-examination of the DFPS’s witness would have revealed evidence favorable
to appellant or that witnesses who could testify to appellant’s fitness as a
parent existed and were available to testify but for appellant’s counsel’s
failure to investigate.  Finally, the dissent
acknowledges that appellant’s counsel filed a statement of points for appeal,
as required by the Family Code, but it declares him incompetent for failing to
challenge the legal and factual sufficiency of the evidence that appellant had
endangered the child in his statement of points, without acknowledging that he
did challenge the legal and factual sufficiency of the evidence that
termination was in the best interest of the child.  Id.
at 28. 

          In
sum, the dissent merely lists and elaborates upon appellant’s original counsel’s
supposed errors, expresses its opinion agreeing with appellant’s new counsel that
appellant’s original counsel was incompetent, and declares that appellant
“received no assistance of counsel” and thus “was constructively denied his
right to counsel.”  Id. at 29.

          In Bone v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002), the Court of
Criminal Appeals faced a similar situation in an ineffective assistance of
counsel case.  It stated,

The court of appeals simply assumed that each of the
examples [of attorney conduct] it noted were, in fact, instances of objectively
unreasonable and unprofessional conduct.  Because the court itself did not discern any
particular strategy or tactical purpose in counsel’s trial presentation, it
therefore assumed that there was none.  This inverts the analysis.  Under Strickland,
the defendant must prove, by a preponderance of the evidence, that there is, in
fact, no plausible professional reason for a specific act or omission.  From this trial record, one could conclude
that there were legitimate and professionally sound reasons for counsel’s
conduct or one could speculate that there were not.  Under our system of justice, the criminal
defendant is entitled to an opportunity to explain himself and present evidence
on his behalf.  His counsel should
ordinarily be accorded an opportunity to explain her actions before being
condemned as unprofessional and incompetent.

 

Id. at 836
(emphasis added).  The court did not
remand the case to allow counsel the opportunity to explain her actions, however,
as the en banc majority proposes to do in this case, because “the court of
appeals point[ed] to nothing in the record that probably would have, had it
been developed more thoroughly, led to a not guilty verdict or a lesser
punishment.”  Id. at 836–37.  Thus “there
[was] no reason to believe such evidence existed,” and, even if there had been,
it concluded, “Strickland requires
more—not
only proof of professional incompetence but also proof of prejudice.”  Id.  The Texas Court of Criminal Appeals held that
the court of appeals erred in finding that the appellant’s counsel failed to
provide competent representation and that it further erred “when it held,
without a specific showing of prejudice, that counsel’s performance undermined
confidence in the conviction.”  Id. 


          Here,
like the intermediate appellate court overruled in Bone, the dissent speculates that appellant’s counsel had no
strategy in failing to object to DFPS’s evidence or to call character witnesses,
but it does not require appellant to prove that there was, is fact, no
plausible professional reason for any specific act or omission.  See
Bone, 77 S.W.3d at 836; see also In
re M.S., 115 S.W.3d at 550 (requiring such proof in parental-rights termination
cases by “clear and convincing” evidence). 
Nor does it require appellant to make any showing that facts existed such
that, had appellant’s counsel performed differently, appellant’s parental
rights might not have been terminated. 
Thus here, as in Bone, the
dissent “inverts the analysis” required by Strickland.  See Bone,
77 S.W.3d at 836.

          In
my view, the record does not support the conclusion that appellant’s counsel’s
actions were “objectively unreasonable and unprofessional.”  See Bone,
77 S.W.3d at 836.  I would not conclude
that appellant’s trial counsel was constitutionally ineffective for failing to
seek a bench warrant to bring appellant to the termination hearing, because he
did seek a bench warrant, and he also stated in his motion for new trial and
listed as error in his six-point statement of points for appeal the trial
court’s refusal to grant the bench warrant.  Nor would I conclude that appellant’s counsel
was constitutionally ineffective for failing to object to the trial court’s
taking judicial notice of the DFPS file on V.V. because the court was at least
arguably justified in taking judicial notice of its readily verifiable
contents.  See
Tex. R. Evid. 201.  Nor could I conclude on the basis of the
record in this case that appellant’s counsel was ineffective for failing to
object to the admission of
appellant’s criminal records or photos of the child’s mother after her
assault by appellant, because appellant did object to the admission of the
photos, if improperly, and there is no indication that either the photos or the
criminal records were inadmissible.  Nor
would I conclude that appellant’s counsel could have had no reasonable strategy
in failing to cross-examine the DFPS’s witness or in failing to call character
witnesses, because there is no indication in the record that witnesses existed
who could have testified to appellant’s fitness as a parent for V.V. or that
cross-examination of the DFPS witness about the DFPS’s actions would have
revealed facts favorable to appellant.  

          Finally,
I would not conclude that appellant’s counsel was unprofessional for failing to
preserve a claim of insufficiency of the evidence to support a finding that
termination was in the child’s best interest or a finding of endangerment.  Appellant’s original counsel did preserve the
former claim, and the trial court and his replacement counsel found that point
of error frivolous.  A finding of
endangerment would depend upon much of the same evidence. 


In sum, I
could not say on the basis of the record that trial counsel had “no plausible
professional reason” for the foregoing “specific act[s] or omission[s]” or that
there were no “legitimate and professionally sound reasons for counsel’s
conduct” overall.  See Bone, 77 S.W.3d at 836. 
Nor could I say on this basis that appellant’s “counsel made errors that
[he] was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth
Amendment.”  In re J.O.A., 283 S.W.3d at 342 (quoting In re M.S., 115 S.W.3d at 545). 
Rather, I would presume that “counsel’s conduct [fell] within the wide
range of reasonable professional assistance,” including the possibility that a
decision was based on strategy or a reasonable professional opinion.  See In
re J.O.A., 283 S.W.3d at 343 (quoting Strickland,
466 U.S. at 689, 104 S. Ct. at 2065).  And
I would hold that appellant
failed to overcome that presumption. 
See In re M.S., 115 S.W.3d at
549.

          The
dissent would hold, however, that appellant’s counsel’s failure to preserve the
claim of insufficiency of the evidence to support a finding of endangerment not
only was unprofessional but changed the outcome of the termination proceedings,
justifying not only reversal for ineffective assistance and remand, in
accordance with In re M.S., 115
S.W.3d at 550, but rendition of judgment that the father’s parental rights are
not terminated, Slip Op. at 71, a holding without precedent in an ineffective
assistance case.  I would not so hold.   

Sufficiency
of the Evidence to Support Termination of Appellant’s Rights

          The
linchpin of this case with respect both to the effectiveness or ineffectiveness
of counsel and to affirmance or reversal of the judgment terminating
appellant’s parental rights is whether the evidence was legally and factually
sufficient to support termination.  If
the evidence was insufficient to
support termination because there was insufficient evidence of endangerment,
the case should be reversed and remanded for a new trial because appellant’s
counsel will have been shown to have been ineffective for having failed to
preserve this point of error in violation of appellant’s constitutional due
process rights.  And it should be
reversed and remanded for a new trial on the merits without abatement for proceedings on
appellant’s counsel’s ineffectiveness in the previous trial (which will have
been proved) and without rendition of a judgment that the father’s rights are
not terminated (which would be unsupported by sufficient evidence).  If the evidence at trial was sufficient to support termination, any
ineffectiveness of counsel will have had no reversible effect and the judgment
terminating appellant’s parental rights should be affirmed rather than reversed.  See In
re J.O.A., 283 S.W.3d at 347; In re
M.S., 115 S.W.3d at 550.  I turn,
therefore, to the legal and factual sufficiency of the evidence to support the
trial court’s deemed findings of endangerment and best interest of the child
and to support the judgment.

          When, as here, the legal
sufficiency of the evidence supporting termination of parental rights is
challenged, the reviewing court looks at all the evidence in the light most
favorable to the termination finding to determine whether a reasonable trier of
fact could have formed a firm belief or conviction that the finding was true.  In re
J.O.A., 283 S.W.3d at 344; In re
J.F.C., 96 S.W.3d at 265–66. 
The court must assume that the factfinder resolved disputed facts in
favor of its finding if a reasonable factfinder could do so.  In re
J.O.A., 283 S.W.3d at 344; In re
J.F.C., 96 S.W.3d at 266.  It should
disregard all evidence that a reasonable factfinder could have disbelieved or
found to be incredible.  In re J.O.A., 283 S.W.3d at 344; In re J.F.C., 96 S.W.3d at 266.  If, after conducting a legal sufficiency
review of the record evidence, the court determines that no reasonable
factfinder could have formed a firm belief or conviction that the matter to be
proved was true, the court must conclude that the evidence on that matter is
legally insufficient.  In re J.O.A., 283 S.W.3d at 344; In re J.F.C., 96 S.W.3d at 266.

          Only
when the factual sufficiency of the evidence is challenged does the reviewing
court review disputed or conflicting evidence. 
In re J.O.A., 283 S.W.3d at
345; In re J.F.C., 96 S.W.3d at 266.  The evidence is factually insufficient in a
parental rights termination case if, in light of the entire record, the
disputed evidence that a reasonable factfinder could not have credited in favor
of the finding is so significant that a factfinder could not reasonably have
formed a firm belief or conviction.  In re J.O.A., 283 S.W.3d at 345; In re J.F.C., 96 S.W.3d at 266.  The court of appeals should “explain in its
opinion ‘why it has concluded that a reasonable factfinder could not have
credited disputed evidence in favor of the finding.’” In re J.O.A., 283 S.W.3d at 345; see In re J.F.C., 96 S.W.3d at 266–67. 

          In the
absence of a challenge to the factual sufficiency of the evidence, the
appellate court must deem an omitted finding in support of the judgment if
there is some evidence to support it and the other requirements of the rules of
civil procedure have been met.  In re J.F.C., 96 S.W.3d at 275–76.  Remand to the court of appeals is not
required for a factual sufficiency review of a deemed finding that termination
was in children’s best interest in the absence of a challenge to the factual
sufficiency of evidence.  Id. at 275.

          Applying
the foregoing standard of proof to the facts of this case, I agree with the en
banc majority that the facts are legally and factually sufficient to support the
judgment below, including findings that appellant’s acts and omissions
endangered V.V. and that termination of appellant’s parental rights is in
V.V.’s best interest for the reasons stated in the majority’s opinion, which I
adopt by reference.  See In re J.F.C., 96 S.W.3d at 266 (“In a legal sufficiency review,
a court should look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction that its finding was true.”); id. (stating that, in factual sufficiency review, “the inquiry
must be ‘whether the evidence is such that a factfinder could reasonably form a
firm belief or conviction about the truth of the State’s allegations.’ . .
.  If, in light of the entire record, the
disputed evidence that a reasonable factfinder could not have credited in favor
of the finding is so significant that a factfinder could not reasonably have
formed a firm belief or conviction, then the evidence is factually
insufficient.”).  

          It
necessarily follows that appellant’s
original counsel’s failure to preserve the issue of insufficiency of the
evidence of endangerment did not violate appellant’s due process rights and
that his counsel’s performance did not, therefore, fall “below an objective
standard of reasonableness,” so as to be constitutionally ineffective.  See In
re J.O.A., 283 S.W.3d at 343; In re
M.S., 115 S.W.3d at 549.  Having
concluded that appellant failed to carry his burden of proving that his
original counsel behaved unprofessionally, I would necessarily conclude that
appellant has failed to show by “clear and convincing” evidence that “there is
a reasonable probability that, but for counsel’s unprofessional error(s), the
result of the proceeding would have been different.”  In re
M.S., 115 S.W.3d at 550.  

          In addition, I find it at
least plausible that appellant’s trial counsel had a strategy in failing to
include legal and factual sufficiency of the evidence of endangerment in his
statement of points for appeal based on a reasonable professional conclusion
that the facts were both legally and factually sufficient to support
termination on that ground and that appeal on that ground would have been
frivolous.  See In re M.S., 115 S.W.3d at 549 (requiring that court of appeals
reviewing proof of first prong of Strickland
must “indulge in the ‘strong presumption that counsel’s conduct
falls within the wide range of reasonable professional assistance,’ including
the possibility that counsel’s decision not to challenge factual sufficiency
was based on strategy, or even because counsel, in his professional opinion,
believed the evidence factually sufficient”); Bone, 77 S.W.3d
at 836 (requiring, in case under Strickland, appellant to “prove by a preponderance
of the evidence that there is, in fact, no plausible professional reason for a
specific act or omission”).  He might
also have had a reasonable strategy for not including in his statement of
points the insufficiency of the evidence to support a finding that termination
was in V.V.’s best interest—a claim he did include in his statement of points but
which appellant’s newly appointed counsel finds frivolous.  See In
re M.S., 115 S.W.3d at 549.  

          Because
appellant failed to prove that his counsel’s actions deprived him of a trial
whose result was reliable and because the evidence is, in my view, legally and
factually sufficient to support findings both that appellant’s actions
endangered the child and that termination is in the best interest of the child,
I would hold that appellant’s trial counsel was not ineffective and that the
trial court did not err in terminating appellant’s parental rights to V.V.

 

 

 

 

 

 

 

Conclusion

          I
would affirm the judgment of the trial court terminating appellant’s parental
rights. 

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Justice Bland, joined by Chief Justice Radack, and by
Justices Alcala, Hanks, and Massengale, for the en banc court.

Justice Jennings, dissenting, joined by Justice Higley.

Justice Keyes, concurring in
part and dissenting in part.

 

Justice Sharp, dissenting, in an opinion to follow.

Justice Massengale, concurring, joined by Justices Alcala
and Hanks.

 











[1]           I believe Texas Supreme Court review is appropriate to
decide this issue.  See Tex. R. App. P.
56.1(a)(1), (2), (4)–(6).

 





[2]        Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)
(adopted by Texas Supreme Court for parental rights termination cases in In re M.S., 115 S.W.3d 534, 545 (Tex.
2003)).

 





[3]           Section
263.405(g) of the Family Code specifically provides for such an appeal. I would
have found appellant’s counsel’s filing of a brief provided for by section
263.405(g) of the Family Code challenging the trial court’s frivolousness
finding under section 263.405(d)(3) of the Code to be appropriate professional
representation of appellant’s due process interests.

 





[4]           The file of which appellant’s appointed
counsel complains judicial notice was improperly taken includes the affidavit
of a case worker from the business records of the DFPS stating the
circumstances under which V.V. was taken into the care of DFPS.  Texas Rule of Evidence 201 permits a court’s
taking judicial notice of any “fact . . . not subject to reasonable
dispute in that it is . . . capable of accurate and ready determination by
resort to sources whose accuracy cannot reasonably be questioned.”  Tex.
R. Evid. 201.  This evidence is
“capable of accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned.” 
See id.